UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE MASSACHUSETTS MUTUAL | ) | Civil Action Nos.: |
| LIFE INSURANCE COMPANY'S | ) | 11-cv-30035-MAP (Document No. 84) |
| MOTIONS TO STRIKE | ) | 11-cv-30039-MAP (Document No. 66) |
| | ) | 11-cv-30044-MAP (Document No. 56) |
| | ) | 11-cv-30047-MAP (Document No. 60) |
| | ) | 11-cv-30048-MAP (Document No. 80) |
| | ) | 11-cv-30094-MAP (Document No. 119) |
| | ) | 11-cv-30126-MAP (Document No. 97) |
| | ) | 11-cv-30127-MAP (Document No. 43) |
| | ) | 11-cv-30141-MAP (Document No. 44) |
| | ) | 11-cv-30285-MAP (Document No. 47) |

MEMORANDUM AND ORDER WITH REGARD TO
MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY'S MOTIONS TO STRIKE CERTAIN DEFENSES
October 17, 2012

NEIMAN, U.S.M.J.

Presently before the court with regard to the above captioned matters - - comprising the same Plaintiff (Massachusetts Mutual Life Insurance Company) but various defendants - - are Plaintiff's above-numbered motions to strike certain affirmative defenses. While there are some differences as to how the targeted affirmative defenses are numbered in the various cases, the defenses are generally the same. Unless noted otherwise, therefore, the court will first address the defenses as numbered in Civil Action 11-cv-30035-MAP, namely, the Third, Fourth, Eleventh, Twelfth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Sixth defenses, and then note the parallel defenses raised in the other actions. Second, the court will address yet other defenses as numbered in Civil Action 11-cv-30141-MAP and, again, then note parallel defenses raised in other

actions.  For the reasons which follow, the court will allow Plaintiff's motions in part and
deny them in part.

D<small>ISCUSSION</small>

By way of summary, Plaintiff argues that its motions to strike are narrowly
tailored so as to remove from the various defendants' answers a series of, what Plaintiff
calls, "boiler plate and legally inapplicable" defenses.  In essence, Plaintiff asserts that,
pursuant to Fed. R. Civ. P. 12(f), the court "may strike from any pleading any
insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter,"
with primary reliance on the adjective "insufficient."   Where as here, Plaintiff argues, a
defendant's answer asserts purported defenses that cannot succeed, a motion to strike
"serve[s] a useful purpose by eliminating insufficient defenses and saving the time and
expense which would otherwise be spent litigating issues that would not affect the
outcome of the case."  *DGM Inv., Inc. v. N.Y. Futures Exch., Inc.*, 2004 WL 635743, at
*1 (S.D.N.Y. Mar. 31, 2004) (internal quotations omitted).

In response, the various defendants in these cases (together "Defendants")
argue that, as a general rule, "motions to strike defenses are disfavored."  *Honeywell
Consumer Prods., Inc. v. Windmere Corp.*, 993 F.Supp. 22, 24 (D. Mass. 1998).  A
motion to strike affirmative defenses, Defendants argue, "should be granted only when
it is beyond cavil that the defendants could not prevail on them."  *Id.* (internal quotation
marks omitted).  Moreover, Defendants assert, motions to strike affirmative defenses
are particularly disfavored prior to discovery when facts are in dispute.  *See Friends of
Santa Fe City v. LAC Minerals, Inc.*, 892 F.Supp. 1333, 1343 (D.N.M. 1995); *Turner v.*

2

*Wall*, 2009 WL 3401184, at *1 (D.R.I. Oct. 20, 2009).  In addition, Defendants maintain,

courts frequently deny motions to strike affirmative defenses where the movant fails to

demonstrate that it will be prejudiced by the pleading of such defenses.  *See, e.g.,*

*Bose Corp. v. Lightspeed Aviation, Inc.*, 691 F.Supp. 2d 275, 278 (D. Mass. 2010).

Plaintiff, in turn, argues that motions to strike are not disfavored with respect to plainly

inapplicable defenses and that, in any event, its motions ought to be allowed since no

amount of discovery can rescue the defenses.  The parties do appear to agree,

however, that courts "possess considerable discretion" when addressing motions to

strike.  *Zurich American Insurance Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240,

246 (D. Mass. 2011).

The parties' respective arguments, as they concern particular affirmative

defenses, will be addressed below.  It will also become evident that some of the

affirmative defenses will be grouped when parallel defenses have been raised by

several defendants.

A.  Civil Action 11-cv-30035-MAP

1.  Eleventh and Sixteenth Affirmative Defenses

The Eleventh and Sixteenth affirmative defenses in Civil Action 11-cv-30035-

MAP - - which assert that Plaintiff's claims are barred in whole or in part because

Defendants neither owed nor breached any duty to Plaintiff - - have been raised,

respectively, by UBS Securities, LLC ("UBS"), and Residential Funding Securities, LLC

("Residential Securities").  Plaintiff argues that the defenses should be stricken

because section 410(a) of the Massachusetts Uniform Securities Act, Mass Gen. Laws

ch. 110A § 410(a)(2), under which Plaintiff asserts its single claim, forecloses such a defense.  section 410(a), Plaintiff maintains, establishes liability for any person who offers or sells a security by means of a false or misleading statement.  Once a plaintiff makes such a showing, Plaintiff asserts, it need not prove that the defendant owed the plaintiff a duty; accordingly, "no duty" is not a valid defense.

As might be expected, Defendants disagree, arguing that they are relying not on any common law duty, but on the plain words of section 410, which provides that a duty to disclose omitted facts can arise in certain instances, namely, when omitting to state those facts which would make affirmative statements misleading.  Here, Defendants assert, Plaintiff's claim is based at least in part on alleged omissions in the offering documents.  In short, Defendants argue, Plaintiff has not demonstrated that there are no circumstances in which the defense could succeed or that Plaintiff would be prejudiced by permitting Defendants to pursue it.

In the court's view, the language of section 410 does not give rise to a "no duty" defense.  section 410 merely requires a plaintiff to plead and prove "any untrue statement of material fact or any omission to state a material fact *necessary in order to make the statement made . . . not misleading*."  Mass Gen. Laws ch. 110A § 410(a)(2). This language more accurately gives rise to a defense that the allegedly omitted information did not render any statement misleading, and Defendants have asserted that defense in various other ways unchallenged by Plaintiff.  (*See* Fourth, Sixth, Eighth, Ninth, and Twenty-Second Defenses in Civil Action 11-30035-MAP.)  Thus, Defendants are free to argue that omitted facts were not material or that they were not

necessary to make the statements made not misleading, but the statutory language does not give rise to a "no duty" defense.  Accordingly, Plaintiff's motion is ALLOWED with respect to the Eleventh and Sixteenth Affirmative Defenses in Civil Action 11-30035-MAP and parallel defenses in the other actions.[1]

    2.  <u>Fifteenth and Twenty-First Affirmative Defenses</u>

    Plaintiff asserts that the Fifteenth and Twenty-First Affirmative Defenses by, respectively, UBS and Residential Securities in Civil Action No. 11-30035-MAP - - in which Defendants raise Plaintiff's failure to mitigate - - are unavailable because section 410 establishes specific formulas for calculating recovery under the Act, namely, recission (for securities still held) and damages (for securities previously held).  Mass. Gen. Laws ch. 110A § 410(a)(2).  In short, Plaintiff argues, there is no requirement that a securities purchaser mitigate such statutory damages.

    The court believes that it is too early in the litigation to strike these defenses.  First, the fact that section 410 does not expressly provide for such a defense does not bar them.  *See United States v. Walerko Tool and Engineering Corp.*, 784 F. Supp. 1385, 1388 (N.D. Ind. 1992) (declining to strike affirmative defenses solely on grounds that they are not contained in the statute itself).  Second, as Defendants argue, Plaintiff

---

[1] As set forth in Appendix A of Defendants' Joint Memorandum of Law in Opposition to Plaintiff's Motion to Strike (See Document No. 88 in Civil Action 11-30035-MAP), the parallel defenses in the other actions are Eleventh (DB) in 11-cv-30039-MAP; Twelfth (RBS) in 11-cv-30044-MAP; Fifth (CS) in 11-cv-30047-MAP; Fifth (CS) and Eleventh (UBS) in 11-cv-30048-MAP; Sixth (JPM), Sixth (WaMu) and Sixth (Individual Defendants) in 11-cv-30094-MAP; Sixth (JPM), Seventh (Bar), Eleventh (UBS), Tenth (GS) and Sixth (Individual Defendants) in 11-cv-30126-MAP; Sixth (JPM) in 11-cv-30127-MAP; Eighteenth (HSBC) in 11-cv-30141-MAP; and Fifth (ML), Eleventh (DB), Tenth (GS), Sixth (JPM) and Eleventh (RBS) in 11-cv-30285-MAP.

cites no decision which has ruled out failure to mitigate as an affirmative defense with

respect to a section 410 claim.  In short, at least one federal court has held that

plaintiffs have a duty to mitigate under section 12 of the Securities Act, 15 U.S.C. §

77l(2), the federal counterpart to section 410.  *See In re Olympia Brewing Co. Sec.

Litig.*, 1985 WL 3928, at * 11 (N.D. Ill. Nov. 13, 1985) (denying plaintiff's motion to

strike a failure to mitigate defense).  To be sure, Plaintiff argues, forcefully, that

*Olympia Brewing Co.* did not uphold a failure to mitigate defense because it was

relevant to section 12, as Defendants assert, but because it was potentially relevant to

securities fraud claims that measure damages based on diminution of value, which is

not applicable to a section 410 claim.  Nonetheless, given the prior ruling in this case

that federal courts sitting in diversity jurisdiction "must look to Massachusetts state

precedent and to federal precedent under section 12(2) of the Federal Securities Act of

1993 when interpreting section 410 (a)," *Mass. Mut. Life Ins. Co. v. Residential Funding

Co., LLC*, 2012 WL 479106, at * 2 (D. Mass. Feb. 14, 2012), this court is reluctant to

knock out the defense at this nascent stage of the litigation.  *See In re All Maine

Asbestos Litig.*, 575 F. Supp. 1375, 1377 (D. Me. 1983) (finding that an affirmative

defense that presents a purely legal question that is "close or new" should survive a

motion to strike).  In addition, the court is not at all convinced that the defense will

unnecessarily expand discovery or otherwise cause Plaintiff any prejudice.

Accordingly, Plaintiff's motion to strike is DENIED with respect to the Fifteenth and

Twenty-First Affirmative Defenses in Civil Action 11-30035-MAP.[2]

   3.  Seventeenth Affirmative Defense (UBS)

Plaintiff also seeks to strike UBS's Seventeenth defense, which asserts that

Plaintiff's claim is barred "in whole or in part because any damages or injuries incurred

by Plaintiff were not caused by any act or omission" of UBS.  This "loss causation

defense," Plaintiff asserts, is not an element of or a defense to claims under section

410 and should be stricken.  Relying on the Massachusetts Supreme Judicial Court's

ruling in *Marram v. Kobrick Offshore Fun, Ltd.*, 809 N.E.2d 1017, 1025 (Mass. 2004),

Plaintiff asserts that section 410 applies "regardless of the actual cause of the investors

loss."  If it is able to prove that a security was sold to it by means of a materially false or

misleading statement, Plaintiff argues, it is entitled to recovery regardless of whether its

loss was caused by the false or misleading statement or by "any act or omission" of

Defendants.  The court is not convinced.

As Defendants argue, the factual allegations in Plaintiff's various complaints are

premised at least in part on the assertion that poor post-offering loan performance and

downgraded credit ratings demonstrate that the loans must not have been originated in

accord with disclosed underwriting standards.  *See, e.g.*, Compl. at ¶ 66 ("The

---

[2] The corresponding affirmative defenses in the parallel actions are Fifteenth (DB) 11-cv-30039-MAP; Sixteenth (RBS) 11-cv-30044-MAP; Thirteenth (CS) in 11-cv-30047-MAP; Thirteenth (CS) and Fifteenth (UBS) in 11-cv-30048-MAP; Twentieth (JPM), Twentieth (WaMu) and Twentieth and Twenty-First (Individual Defendants) in 11-cv-30094-MAP; Seventeenth (GS), Twentieth (JPM), Twentieth (Bar), Fifteenth (UBS) and Twentieth (Individual Defendants) in 11-cv-30126-MAP; Twentieth (JPM) in 11-cv-30127-MAP; and Thirteenth (ML), Fifteenth (DB), Seventeenth (GS), Twentieth (JPM) and Fifteenth (RBS) in 11-cv-30285-MAP.

economic downturn cannot explain the abnormally high percentage of defaults, foreclosures and delinquencies in the loan pools.  Loan pools that were properly underwritten and contained loans with the represented characteristics would have experienced substantially fewer payment problems and substantially lower percentages of defaults, foreclosures and delinquencies.").  Thereafter, in ruling on Defendants' motions to dismiss, the court ruled - - with respect to Defendants' contention that the poor performances of the loans is due solely to the economic downturn - - that this was "a question of fact that cannot be resolved on a motion to dismiss."  *Mass. Mut. Life Ins. Co.*, 2012 WL 479106, at * 5.  As Defendants argue, a question of fact that the court already determined is inappropriate for decision on a motion to dismiss is even less fit for decision on a motion to strike.

As to *Marram*, the court agrees as well with Defendants that, to the extent that decision stands for the proposition that a plaintiff need not prove the cause of its loss, does not necessarily mean that a lack of causation is not an affirmative defense.  It is simply too early to decide that this affirmative defense is barred.  Accordingly, Plaintiff's motion is DENIED with respect to the Seventeenth Affirmative Defense as raised by UBS in Civil Action 11-cv-30035.[3]

---

[3] The affirmative defenses in the parallel cases are Seventeenth (DB) in 11-cv-30039-MAP; Eighteenth (RBS) in 11-cv-30044-MAP; Eleventh (CS) in 11-cv-30047-MAP; Eleventh (CS) and Seventeenth (UBS) in 11-cv-30048-MAP; Nineteenth (JPM), Nineteenth (WaMu) and Nineteenth (Individual Defendants) in 11-cv-30094-MAP; Twelfth (GS), Nineteenth (JPM), Tenth (Bar), Eighteenth (UBS) and Nineteenth (Individual Defendants) in 11-cv-30126-MAP; Nineteenth (JPM) in 11-cv-30127-MAP; and Twelfth (ML), Seventeenth (DB), Eleventh, Fourteenth and Sixteenth (GS), Nineteenth (JPM) and Seventeenth (RBS) in 11-cv-30285-MAP.

4.  <u>Seventeenth (Residential Securities) and Twentieth Defenses (UBS)</u>

Defendants have asserted, with some variation, the defense that

> Plaintiff's claims are barred in whole or in part because
> there is no causal relationship between the alleged
> misstatements or omissions and Plaintiff's certificate
> purchases, and Plaintiff's purchases were not effected by
> means of the alleged misstatements or omissions, including
> because Plaintiff did not reasonably or justifiably rely on any
> alleged misstatements or omissions when purchasing the
> certificates.

Plaintiff argues that to the extent that Defendants wish to assert a "lack of justifiable reliance" as an affirmative defense, it should be stricken as irrelevant to Plaintiff's claims under section 410.   In so arguing, Plaintiff makes clear that it is not seeking to strike that portion of the defense which asserts that the certificates purchased by Plaintiff were not sold "by means of" misrepresentation.  In short, Plaintiff states, Defendants cannot maintain a legally invalid defense by combining it with a valid one.

Without conceding the point, Defendants appear to be most concerned with maintaining their right to assert, within the confines of the statute, that they did not offer or sell a security "by means of any untrue statement of a material fact."  Still, Defendants argue, discovery may show that Plaintiff agreed to purchase certain certificates prior to receiving - - or without ever having received - - the prospectus supplements by which it alleges it was misled.  "The impossibility of reliance on the alleged misstatements or omissions," Defendants argue, "may therefore directly rebut the 'by means of' requirement in the statute."

In the court's view, Defendants' argument is creative but unavailing.  First, the

lack of actual or justifiable reliance is not a defense to claims under section 410.  *See*

*Marram*, 809 N.E.2d at 1026 ("[B]ecause G.L. C. 110A, § 410(a)(2) holds the seller

liable for inaccurate disclosure or nondisclosure of material information, '[f]oremost

among the elements that the buyer does not have to provide is reliance.'") (citation

omitted); *accord In re Access Cardiosystems, Inc.*, 404 B.R. 593, 648 n. 81 (Bank. D.

Mass. 209).  Second, the hypothetical factual situations which Defendants raise can

still be addressed within the "by means of" language which Plaintiff does not seek to

strike.  Accordingly, Plaintiff's motion is ALLOWED to the extent that Affirmative

Defenses Seventeenth and Twentieth seek to raise a "lack of justifiable reliance."[4]

    5.  <u>Twelfth (UBS), Fourteenth (Residential Securities), Nineteenth (UBS),</u>
<u>Twentieth (Residential Securities) Affirmative Defenses</u>

    In these paragraphs, Defendants variously raise defenses that Plaintiff "should

have known" of the alleged misstatements or omissions, had "constructive knowledge"

of the risks of the securities, and/or "assumed the risk."  Echoing some of its prior

arguments, Plaintiff maintains that these purported defenses are not viable to Plaintiff's

statutory claims.  In particular, relying on *Marram*, 809 N.E.2d at 1027-28, Plaintiff

argues that section 410 makes clear that the only instance in which knowledge on its

part would bar its claims is if Defendants prove that Plaintiff had actual knowledge of

---

[4] The parallel defenses in the other cases are Twentieth (DB) in 11-cv-30039-MAP; Twentieth (RBS) in 11-cv-30044-MAP; Seventh (CS) in 11-cv-30047-MAP; Seventh (CS) and Twentieth (UBS) in 11-cv-30048-MAP; Twelfth (JPM), Twelfth (WaMu), and Twelfth (Individual Defendants) in 11-cv-30094-MAP; Eighteenth (GS), Twelfth (JPM), Nineteenth (Bar), Twentieth (UBS), and Twelfth (Individual Defendants) in 11-cv-30126-MAP; Twelfth (JPM) in 11-cv-30127-MAP; Nineteenth (HSBC) in 11-cv-30141-MAP; and Twenty-Seventh (ML), Twentieth (DB), Eighteenth (GS), Twelfth (JPM), and Twentieth (RBS) in 11-cv-30285-MAP.

the misrepresentation or omission at the time of purchase.  The "actual knowledge" defense, Plaintiff notes, is a portion of other defenses raised in the instant action by both UBS (Eighth, Twelfth, Nineteenth, and Twenty-First Defenses) and Residential Securities (Twelfth, Thirteenth, Fourteenth and Twenty-Third Defenses).

In response, Defendants argue that these "willful blindness" defenses should not be stricken.  "Actual knowledge," Defendants maintain, can be established by showing that a party was "willfully blind" to the truth, citing in support one criminal case, *Massachusetts v. Mimless*, 760 N.E.2d 762, 772-73 (Mass. App. Ct. 2002), and one patent case, *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct.  2060, 2069 (2011). Defendants assert that they should be permitted to test here as well whether Plaintiff turned a blind eye to the alleged misstatements or omissions upon which it now seeks to rescind its certificate purchases.

The court will strike the defenses.  As Plaintiff argues, the court cannot assume that, even if a willful blindness defense is available, it incorporates the "should have known," "constructive knowledge" and "assumption of the risk" defenses which Defendants have more specifically raised; they all appear to be quite different from "willful blindness."  More to the point, perhaps, nowhere have Defendants asserted willful blindness as an affirmative defense.  Accordingly, Plaintiff's motion is ALLOWED with regard to these particular defenses.[5]

_____

[5] The parallel defenses in the other cases are Twelfth and Nineteenth (DB) in 11-cv-30039-MAP; Thirteenth (RBS) in 11-cv-30044-MAP; Sixth and Twelfth (CS) in 11-cv-30047-MAP; Sixth and Twelfth (CS) and Twelfth (UBS) in 11-cv-30048-MAP; Eighth and Fourteenth (JPM), Eighth and Fourteenth (WaMu), and Eighth and Fourteenth (Individual Defendants) in 11-cv-30094-MAP; Twentieth (GS), Eighth and

6.  Third and Fourth (Residential Securities) and Twenty-Sixth (UBS) Affirmative Defenses

Plaintiff seeks to strike as nonnviable Defendants' defense that "Plaintiff's claims are barred in whole or in part by the doctrine of laches, equitable estoppel, and other applicable equitable doctrines."  Since section 410 provides that its remedies cannot be waived, see Mass. Gen. L. ch. 110A § 410(g) ("Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereinafter is void"), Plaintiff argues that courts have rejected attempts to assert waiver and related equitable defenses.  *See Marram*, 809 N.E.2d at 1029 ("[W]aiver by estoppel is [a] waiver defense 'not available in a case involving only violations of Georgia's and/or federal securities laws'") (quoting *Jones v. Miles*, 656 F.2d 103, 106-07 (5th Cir. 1981)); *see also Go2Net, Inc. v. Freeyellow.com, Inc.*, 143 P.3d 590, 593 (Wash. 2006) (equitable defenses of waiver and estoppel not available under Washington's securities act).  Defendants strongly disagree, asserting that defenses sounding in equity, such as laches, estoppel, and waiver are available in section 410 cases.

The court will not strike these defenses.  First, as Defendants argue, Plaintiff's reliance on section 410(g) is misplaced; as its language makes clear, section 410(g) appears to apply only to agreements, made *prior* to a sale of securities, which purport

---

Fourteenth (JPM), Sixth and Twenty-Third (Bar), Twelfth and Nineteenth (UBS), and Eighth and Fourteenth (Individual Defendants) in 11-cv-30126-MAP; Eighth and Fourteenth (JPM) in 11-cv-30127-MAP; Tenth, Fourteenth, and Seventeenth (HSBC) in 11-cv-30141-MAP; and Sixth (ML), Twelfth and Nineteenth (DB), Twentieth (GS), Eighth and Fourteenth (JPM), and Twelfth and Nineteenth (RBS) in 11-cv-30285-MAP.

to waive compliance with the Massachusetts Uniform Securities Act.  This does not

mean, of course, that Plaintiff's post-sale conduct can necessarily become the subject

of Defendants' equitable defenses; it simply means that the statutory language itself

does not bar the defenses outright, as Plaintiff argues.  Second, Plaintiff's fallback

argument  concerning the bare-bones nature of Defendants' equitable defenses is well-

taken but unconvincing at this time.  The only pleading requirement is that an

affirmative defense "gives plaintiff fair notice of the defense."  *Tubin v. Univ. of Me.

Sys.*, 2000 WL 863228, at * 1 (D. Me. Mar. 3, 2010).  During discovery, of course,

Defendants will need to put flesh on these bare bones or forfeit the defenses.  For now,

however, Plaintiff's motion is DENIED as to these defenses.[6]

## B.  Civil Action 11-cv-30141-MAP

Several other affirmative defenses which Plaintiff seeks to strike are not raised in

Civil Action 11-cv-30035-MAP, but in Civil Action 11-cv-30141-MAP and several other

cases.  Accordingly, the following discussion addresses those defenses raised by

HSBC Securities (USA) Inc. as numbered in Civil Action 11-cv-30141-MAP, with

reference to parallel defenses in some of the other cases.

### 1.  Fourth Affirmative Defense

---

[6] The parallel defenses in the other cases are Twenty-Sixth (DB) in 11-cv-30039-MAP; Twenty-Sixth (RBS) in 11-cv-30044-MAP; Twenty-Third (CS) in 11-cv-30037-MAP; Twenty-Third (CS) and Twenty-Sixth (UBS) in 11-cv-30048-MAP; Twenty-Third (JPM), Twenty-Third (WaMu), and Twenty-Third and Twenty-Fourth (Individual Defendants) in 11-cv-30094-MAP; Twenty-First (GS), Twenty-Third (JPM), Eighteenth (Bar), Twenty-Sixth (UBS), and Twenty-Third and Twenty-Fourth (Individual Defendants) in 11-cv-30126-MAP; Twenty-Third (JPM) in 11-cv-30127-MAP; Ninth (HSBC) in 11-cv-30141-MAP; and Seventeenth (ML), Twenty-Sixth (DB), Twenty-First (GS), Twenty-Third (JPM), and Twenty-Sixth (RBS) in 11-cv-30285-MAP.

As to its Fourth defense, HSBC raises what is in essence a proportionate fault defense which, Plaintiff recognizes, appears to be imported from federal securities laws.  Without mounting much of an argument, Plaintiff's simply asserts that the concept of such fault is nowhere to be found in the Massachusetts Uniform Securities Act.  To the contrary, Plaintiff argues, section 410(a) provides that a seller is liable for the full extent of recission or damages.

Here too, and with certain other affirmative defenses relating to damages, the court concludes that the statute does not necessarily preclude this defense.  *See Walerko Tool*, 784 F.Supp. at 1388 (court should not strike affirmative defenses "solely on the grounds that they are not contained" in the statute at issue).  To be sure, the court is uncertain as to how, in practical terms, HSBC can pursue the defense here.  Nevertheless, the court is reluctant to preclude the defense when, as Plaintiff seems to recognize, the doctrine of contribution is available in parallel federal securities cases.  *See, e.g., Eichenholtz v. Brennan*, 52 F.3d 478, 486 (3d Cir. 1995) ("[T]he right to contribution under the federal securities laws seeks to promote fairness to defendants and to deter wrongdoing.").  Accordingly, Plaintiff's motion is DENIED with respect to this affirmative defense.[7]

    2. <u>Fifth Affirmative Defense</u>

---

[7] The same defense in some of the other cases is Twentieth (CS) in 11-cv-30047-MAP; Twentieth (CS) in 11-cv-3048-MAP; Seventeenth (JPM), Seventeenth (WaMu), and Seventeenth (Individual Defendants) in 11-cv-30094-MAP; Fifteenth (GS), Seventeenth (JPM), and Seventeenth (Individual Defendants) in 11-cv-30126-MAP; and Twenty-Seventh (ML), Fifteenth (GS), and Seventeenth (JPM) in 11-cv-30285-MAP.

14

HSBC asserts as its fifth defense that Plaintiff's claims are barred in whole or in part because the alleged damages are speculative and because of the impossibility to ascertain and allocate those damages.  No other defendant raises this defense.  In its motion, Plaintiff again raises the express recovery calculations set forth in section 410 as a bar.

HSBC hardly mounts a defense to Plaintiff's motion, relegating its argument to a footnote at the end of its discussion of "failure to mitigate" defenses raised in other cases.  HSBC itself, it should be noted, has not raised a failure to mitigate defense. The court has not stricken that defense as raised by other defendants, but it finds the brief footnoted argument here, reflected as well in oppositions filed in parallel cases, too weak to enable the speculative defense to survive.  Moreover, in the court's view, there are sufficient other surviving affirmative defenses which will better address the overall issue of damages.  Accordingly, Plaintiff' motion is ALLOWED with regard to the Fifth Affirmative Defense.

3. <u>Twenty-First Affirmative Defense</u>

This defense raised only here and as the Eighteenth Affirmative Defense in Civil Action 11-cv-30126-MAP asserts possible unjust enrichment on Plaintiff's part.  In its motion to strike, Plaintiff rehearses many of the same section 410 arguments previously pursued with respect to other affirmative defenses targeting damages.  For their part, Defendants pursue their opposition in a footnote, albeit a lengthy one, relying on their arguments challenging Plaintiff's motion as it relates to certain other equitable defenses.  The court has allowed those defenses to survive and, for similar reasons

and with similar cautionary notes, will allow this defense to survive as well, although it does not appear particularly viable.  Accordingly, Plaintiff's motion is DENIED with respect to this affirmative defense in both Civil Action 11-cv-30141-MAP and Civil Action 11-cv-30126-MAP.

IT IS SO ORDERED.

                                         /s/   Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge