**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DB STRUCTURED PRODUCTS, INC.; *et al.*,<br><br>    Defendants. | Civil Action No. 3:11-30039-MGM |

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR ADMISSIBILITY OF LOAN FILES PRODUCED BY
DEUTSCHE BANK SECURITIES INC. AND MORTGAGEIT, INC.</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................2

LEGAL STANDARD........................................................................................................................5

ARGUMENT....................................................................................................................................6

I.  THE LOAN FILES PRODUCED BY DEUTSCHE BANK AND MORTGAGEIT
    SHOULD BE RULED ADMISSIBLE...................................................................................6

    A.  The Loan Files Are Admissible as Business Records Under Federal Rule
        of Evidence 803(6).........................................................................................................6

    B.  The Loan Files Are Separately Admissible Under the Catch-All Hearsay
        Exception in Federal Rule of Evidence 807 ..............................................................10

II. ALTERNATIVELY, DEUTSCHE BANK AND MORTGAGEIT SHOULD BE
    ORDERED TO PRODUCE QUALIFIED CUSTODIANS FOR DEPOSITIONS
    AND TO BEAR ALL ASSOCIATED COSTS IF THEY DO NOT PROVIDE
    BUSINESS RECORDS CERTIFICATIONS....................................................................11

CONCLUSION................................................................................................................................13

# TABLE OF AUTHORITIES

<div align="right">**Page**</div>

## Cases

*FHFA v. Nomura Holding Am., Inc.*,
   No. 11-cv-6201, 2015 WL 1137572 (S.D.N.Y. Mar. 13, 2015) ............................1, 6, 7, 8, 9, 10

*FTC v. Direct Mktg. Concepts, Inc.*,
   624 F.3d 1 (1st Cir. 2010) ..........................................................................................................9

*Foregger v. Residential Credit Solutions, Inc.*,
   Civ. A. No. 12-11914, 2014 WL 1364788 (D. Mass. April 4, 2014) ....................................6, 8

*Mullins v. U.S. Bank*,
   Civ. A. No. 05-01002, 2007 WL 838941 (S.D. Ohio Mar. 15, 2007) .....................................13

*In re Ollag Contstr. Equip. Corp.*,
   665 F.2d 43 (2d Cir. 1981) .........................................................................................................8

*United States v. Burdulis*,
   753 F.3d 255 (1st Cir. 2014) ......................................................................................................6

*United States v. Cameron*,
   699 F.3d 621 (1st Cir. 2012) ....................................................................................................12

*United States v. Doe*,
   960 F.2d 221 (1st Cir. 1992) ......................................................................................................8

*United States v. Garcia*,
   818 F.2d 136 (1st Cir. 1987) ......................................................................................................6

*United States v. Kaiser*,
   609 F.3d 556 (2d Cir. 2010) .......................................................................................................5

*United States v. Komasa*,
   No. 2:10-cr-72, 2012 WL 5392099 (D. Vt. Nov. 5, 2012),
   *aff'd on other grounds*, 767 F.3d 151 (2d Cir. 2014) ......................................................... 10-11

*United States v. Mitchell*,
   85 F.3d 800 (1st Cir. 1996) ........................................................................................................8

*United States v. Nivica*,
   887 F.2d 1110 (1st Cir. 1989) ..................................................................................................10

*United States v. Powers*,
   578 F. App'x 763 (10th Cir. 2014) ........................................................................................6, 8

*United States v. Williams*,
   205 F.3d 23 (2d Cir. 2000) .........................................................................................................5

**Rules/Statutes**

28 U.S.C. § 1927 ........ 13

District of Massachusetts Local Rule 7.1(a) ........ 5

Fed. R. Civ. P. 37(a) ........ 13

Fed. R. Civ. P. 45(c) ........ 12

Fed. R. Evid. 803(6) ........ 1, 2, 3, 5, 6, 7, 12

Fed. R. Evid. 807 ........ 2, 6, 10, 11

Fed. R. Evid. 902(11) ........ 1, 3, 5, 6, 12

Mass. Gen. Laws ch. 110A, § 410(a) ........ 2

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") respectfully submits this memorandum of law in support of its motion for an order deeming admissible at trial the loan files produced in this action by Defendant Deutsche Bank Securities Inc. ("Deutsche Bank") and its corporate affiliate, MortgageIT, Inc. ("MortgageIT"), or in the alternative, an order compelling these entities to produce qualified custodians for depositions regarding the admissibility of the loan files absent their production of business records certifications pursuant to Federal Rules of Evidence 803(6) and 902(11).

## PRELIMINARY STATEMENT

Documents evidencing a residential mortgage loan are contained in a loan file. The loan file is relied on by all entities involved in residential mortgage-backed securitizations. For example, originators use the loan file to approve or deny the loan. Securitization sponsors and underwriters use the loan file to decide whether to purchase the loan for securitization or to verify information about a loan. And servicers use the loan file to collect payments on the loan. Loan files are therefore admissible as business records, as Judge Denise Cote recently confirmed in the *FHFA* action. Dozens of third parties that have produced loan files in this action have agreed—and have produced business records certifications that allow the loan files they produced to be admitted into evidence. Despite this overwhelming recognition that loan files are business records, however, Defendant Deutsche Bank and its affiliated originator, MortgageIT, have refused to stipulate to the admissibility of the 157 loan files they produced or to provide business records certifications for those files.

Deutsche Bank and MortgageIT have no legitimate basis to block the admissibility of the loan files they produced. MortgageIT, an originator, created the loan files it produced, and it relied on those files in approving millions of dollars in loans. Deutsche Bank obtained the loan files it produced from the originators that created them, and it relied on those files for the

1

information included in the offering materials it filed with the SEC and distributed to investors. Both MortgageIT and Deutsche Bank placed their trust in the loans files to conduct their own businesses. Indeed, Deutsche Bank's own defenses in this case, including its due diligence defense, depend on the trustworthiness of these loan files. The loan files therefore fall squarely within two separate exceptions to the hearsay rule. First, the loan files are business records under Federal Rule of Evidence 803(6). To qualify as business records, it is irrelevant whether MortgageIT or Deutsche Bank created every document in the file; what matters is that the documents were integrated into the file and that these entities relied on the file for their businesses. Second, the loan files are the best available evidence of the documents collected at origination and have circumstantial guarantees of trustworthiness, as required for the hearsay exception set forth in Federal Rule of Evidence 807.

Because Deutsche Bank and MortgageIT have no legitimate basis to oppose the admissibility of the 157 loan files they produced, the Court should order that the loan files are admissible at trial. In the alternative, if Deutsche Bank and MortgageIT continue to refuse to provide business records certifications, the Court should order them to produce qualified custodians for deposition to testify regarding the creation and maintenance of the loan files. If Deutsche Bank and MortgageIT insist on depositions, they should be required to pay all costs associated with the depositions because there is no reason to incur these costs in light of the availability of the business records certification procedure under the Federal Rules of Evidence.

## BACKGROUND

MassMutual seeks recovery under Section 410(a) of the Massachusetts Uniform Securities Act ("MUSA") for material misrepresentations and omissions contained in offering materials prepared and distributed by Deutsche Bank (the "Offering Materials") in connection with its sales of residential mortgage-backed securities ("RMBS") to MassMutual between

March 2006 and April 2007 (the "Certificates"). *See* First Am. Compl. ¶ 40. The Certificates are backed by mortgage loans originated by various originators, including MortgageIT, an affiliate of Deutsche Bank. *See e.g.* Dkt. No. 333-6 (DBALT 2006-AR6 Prospectus Supplement) at 5, 35; Dkt. No. 333-10 (1/3/07 Deutsche Bank press release announcing completion of MortgageIT acquisition); Declaration of Molly Stephens in Support of Plaintiff's Motion for Admissibility of Loan Files Produced by Deutsche Bank Securities Inc. and MortgageIT, Inc. ("Stephens Decl."), Ex. 1 (4/30/14 McEnerney Tr.) at 35:12-36:18 (MortgageIT continues to exist as an affiliate of Deutsche Bank).

MassMutual has a wide variety of evidence to prove that the Offering Materials contained material misrepresentations or omissions, including its expert reunderwriting of a sample of loans underlying each of the Certificates (the "Sample Loans"). *See, e.g.*, Dkt. No. 484 (Opp. to Material Misrepresentation Motion) at 17-33. To gather the documents created or collected as part of the origination of the Sample Loans, MassMutual served discovery seeking the loan files for the Sample Loans from Deutsche Bank, the underwriter of the Certificates that also had access to documents from its affiliated securitization sponsor, DB Structured Products, Inc., and the non-party originators and servicers of the Sample Loans. Stephens Decl. Ex. 2 (12/6/12 MassMutual's First Set of Requests for Production to Deutsche Bank) at 15; Ex. 3 (5/23/13 MassMutual subpoena to MortgageIT, Inc.). In response to this discovery, Deutsche Bank and 30 non-party originators and servicers collectively produced 1,391 loan files for the Sample Loans. Stephens Decl. ¶ 12. Of those 1,391 loan files, Deutsche Bank produced 19 loan files, and MortgageIT produced 138 loan files. *Id.*

To streamline the presentation of evidence at trial, MassMutual obtained business records certifications in compliance with Federal Rules of Evidence 803(6) and 902(11) from *every*

3

*active entity* that produced loan files for the Sample Loans *except* Deutsche Bank, MortgageIT, and an entity that Deutsche Bank pressured not to provide a business records certification after it had agreed to execute one.[1]  Stephens Decl. ¶¶ 13-16.  Accordingly, 26 different entities that produced 1,115 loan files in this case provided business records certifications to allow the loan files to be admitted into evidence.  Stephens Decl. ¶ 13.

Almost 11 months ago, MassMutual requested that MortgageIT provide a similar business records certification for the 138 loan files it produced.  Stephens Decl. Ex. 4 (7/2/14 Email from M. Gordon).  Despite repeated meet and confer efforts, MortgageIT has refused to do so.  Stephens Decl. Exs. 5 (10/22/14 Email from C. Hausman) & 6 (4/23/15 Email from C. Hausman), 7 (5/12/15 Email from C. Hausman).  MortgageIT's only stated basis for its refusal is that the loan files include documents created by persons or entities other than MortgageIT.  Stephens Decl. Ex. 7 (5/12/15 Email from C. Hausman).  When MassMutual asked Deutsche Bank to stipulate to the admissibility of the loan files produced by its affiliate, MortgageIT, Deutsche Bank refused without providing any reason.  *Id.*

Deutsche Bank also refused to provide a business records certification or to stipulate to the admissibility of the 19 loan files it produced.  Stephens Decl. Ex. 8 (5/27/15 Email from E. Gudis).  Deutsche Bank stated that, unlike an originator like MortgageIT, it had not created the loan files, and that its review or use of the loan files is not relevant to their admissibility.  *Id.*

---

[1]  The entity that refused to provide a business records certification after interference from Deutsche Bank is Citadel LLC ("Citadel"), which provided MassMutual with the certification it said it would sign and then refused to sign, citing conversations with Deutsche Bank as the reason.  *See* Stephens Decl. ¶ 14 & Exs. 11-13 (6/9-6/10/15 Emails between counsel for MassMutual and Citadel).  MassMutual will file a separate, short motion against Citadel.  The other two entities that did not provide business records certifications are Millennium Bank, N.A., a defunct originator in FDIC receivership, and New Century Liquidating Trust, the successor to defunct originator New Century Mortgage Corp.  Stephens Decl. ¶¶ 15-16.  Because these two entities are not active, they were unable to provide certifications.

4

Because MassMutual seeks to use the loan files as evidence of the documents collected during origination of the Sample Loans, MassMutual files this motion in conformity with Local Rules 7.1(a) and 37.1(a).

## **LEGAL STANDARD**

Business records are admissible under Federal Rule of Evidence 803(6) as an exception to the hearsay rule if the following criteria are met:

"(A)  the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B)  the record was kept in the course of a regularly conducted activity of a business . . . ;

(C)  making the record was a regular practice of that activity;

(D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . ; and

(E)  the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

The "purpose of the rule is to ensure that documents were not created for personal purposes or in anticipation of any litigation so that the creator of the document had no motive to falsify the record in question." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) (citation omitted). Rule 803(6) "favors" admission of records created and maintained by businesses if the records have "any probative value at all." *United States v. Williams*, 205 F. 3d 23, 34 (2d Cir. 2000) (citation omitted). The "principal precondition to admissibility is that the record have sufficient indicia of trustworthiness to be considered reliable." *Id.* (quotation and citation omitted). To establish a proper foundation for a document to be admitted into evidence as a business record, the custodian or other qualified witness "need not have personal knowledge of the creation of the document." *Id.* (citation omitted).

5

Federal Rule of Evidence 807 provides a catch-all exception to the hearsay rule, which provides that an out-of-court statement or document is admissible to prove the truth of a matter asserted if:

"(1)  the statement has equivalent circumstantial guarantees of trustworthiness [as other statements falling under a hearsay exception];

(2)  it is offered as evidence of a material fact;

(3)  it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and,

(4)  admitting it will best serve the purposes of these rules and the interests of justice."

Fed. R. Evid. 807(a).

The trial court has broad discretion to determine admissibility of documents under Rules 803(6) and 807.  *United States v. Burdulis,* 753 F. 3d 255, 263 (1st Cir. 2014); *United States v. Garcia*, 818 F. 2d 136, 144 (1st Cir. 1987).

## ARGUMENT

### I.   THE LOAN FILES PRODUCED BY DEUTSCHE BANK AND MORTGAGEIT SHOULD BE RULED ADMISSIBLE

#### A.   The Loan Files Are Admissible as Business Records Under Federal Rule of Evidence 803(6)

As multiple courts have held, loan files are admissible business records under Federal Rule of Evidence 803(6), even if produced by entities that did not originate the loans.  *See*, *e.g.*, *FHFA v. Nomura Holding Am., Inc.*, No. 11-cv-6201, 2015 WL 1137572, at *1-*2 (S.D.N.Y. Mar. 13, 2015) (loan files are admissible business records); *Foregger v. Residential Credit Solutions, Inc.*, Civ. A. No. 12-11914, 2014 WL 1364788, at *5 (D. Mass. April 4, 2014) (loan files produced by servicers are admissible business records); *see also United States v. Powers*, 578 F. App'x 763, 777-79 (10th Cir. 2014) (unpublished) (same).

The loan files produced by MortgageIT, the entity that originated and funded the loans, plainly are business records.  MortgageIT does not, and cannot, dispute that its employees created the loan files at the time of origination as part of their regular origination practices using information they had or information transmitted by someone with knowledge, such as borrowers or appraisers.  MortgageIT also does not, and cannot, dispute that the loan files were kept in the course of MortgageIT's regularly conducted business of originating loans.  These facts establish the admissibility of MortgageIT's loan files as business records.  *See* Fed. R. Evid. 803(6); *FHFA*, 2015 WL 1137572, at *1-*2.

Although Deutsche Bank did not originate loans, the loan files it produced also are business records.  The loan files were created at or near the time of origination by the loan originators as part of their regular business practice and then transmitted to Deutsche Bank as part of the sale and securitization of the loans.  Deutsche Bank kept the loan files in the course of its regularly conducted securitization business, and Deutsche Bank and its affiliated sponsor relied on the loan files in conducting their diligence to verify information about the loans.  As with MortgageIT's loan files, these facts establish the admissibility of the loan files produced by Deutsche Bank as business records.  *See FHFA*, 2015 WL 1137572, at *1-*2.

Deutsche Bank and MortgageIT have refused to provide business records certifications, contending that they did not create the loan files (in the case of Deutsche Bank) or that the files include isolated documents, such as Form W-2s or appraisals, that they did not create (in the case of MortgageIT).  These are not valid objections, as the cases cited above establish.  All the loan files determined to be business records in those cases included appraisals or other documents created by others.  In addition, the servicers that produced the loan files in the cases cited above did not create the files at origination.

Under the doctrine of "integrated" business records, loan files are admissible as business records, even where certain documents in the loan files, or the entire loan files themselves, were created by third parties, if the documents are reliable enough to be considered integrated into the business records of the producing party. *See Foregger*, 2014 WL 1364788, at *5 (loan file documents from prior servicers were reliable and trustworthy and were held to be integrated into the defendant's business records); *FHFA*, 2015 WL 1137572, at *2 (duties to verify the information reported in loan files make them admissible business records, even if the documents were created by others); *Powers*, 578 F. App'x at 778 (originator loan file documents adopted as business records of loan servicer); *see also United States v. Mitchell*, 85 F.3d 800, 812 n.11 (1st Cir. 1996) (third party records received and maintained in the regular course of business were admissible as business records). Documents are reliable enough to be considered integrated into the business records of the producing party when the producing party relied on the third party documents in carrying out its business. *See United States v. Doe*, 960 F. 2d 221, 223 (1st Cir. 1992) ("Because [a third party record] was relied upon by the [custodial entity], the . . . record was integrated into the records of the [custodial entity]."); *In re Ollag Contstr. Equip. Corp.*, 665 F.2d 43, 46 (2d Cir. 1981) (third party records which "are integrated into a company's records and relied upon in its day-to-day operations," such as documents requested and relied upon in deciding whether to extend credit, are admissible).

Any third party documents included in the loans files produced by MortgageIT were integrated into the business records of MortgageIT and are therefore admissible as business records. MortgageIT relied on all documents in its loan files, even those provided by third parties, in deciding whether to extend credit to borrowers. *See*, *e.g.*, Stephens Decl. Ex. 1 (4/30/14 McEnerney Tr.) at 30:1-21 (MortgageIT looked at the totality of the loan file in

8

approving a loan); Stephens Decl. Ex. 9 (12/3/13 Naidus Tr.) at 230:22-232:11 (describing third party tools and reports relied on by MortgageIT in its origination process).  MortgageIT does not, and cannot, contend that the loan files it used to approve a loan, including the third party documents contained within the loan file, were unreliable or untrustworthy.  To the contrary, MortgageIT depended on the reliability of third party documents included in the loan file when it approved a loan.  *See*, *e.g.*, Stephens Decl. Ex. 10 (Exhibit 5555) at ML_MassMutual_285-00573204 and -251 (MortgageIT underwriting guidelines required appraisals to issue a loan); *id.* at ML_MassMutual_285-00573211 (requiring credit reports from independent credit reporting agency); *id.* at ML_MassMutual_285-00573218 (requiring pay-stubs and W-2s to evaluate borrower's employment and income history).  Because MortgageIT relied on third party documents in its day-to-day business of originating loans, any third party documents included in the loan files it produced were "so intimately integrated into [MortgageIT's] own business records that they [are] reliable enough to be admissible."  *FTC v. Direct Mktg. Concepts, Inc.*, 624 F.3d 1, 17 n. 15 (1st Cir. 2010).

      The loan files produced by Deutsche Bank also are reliable enough to be considered integrated into the business records of Deutsche Bank and therefore admissible.  Judge Cote considered this same issue in *FHFA* and determined that the loan files in that case were admissible business records of RMBS underwriters.  *See FHFA,* 2015 WL 1137572, at *1-*2.  The loan files were reliable because of duties that existed from origination to securitization to verify the information that was collected and maintained in the files.  *Id.*  In addition, the underwriters or their affiliated sponsors relied on the loan files as part of their securitization business in conducting their due diligence and in describing the loans in offering materials filed with the SEC and distributed to investors.  *Id.* at *2.  The reasoning applies equally here to the

9

loan files produced by Deutsche Bank, the underwriter of the Certificates. Deutsche Bank obtained the loan files from originators in the course of its securitization business and depended on the reliability of the loan files to verify information about the loans underlying the Certificates that it sold to investors. *See*, *e.g.*, Dkt. No. 481-1 (6/30/14 Deutsche Bank Rule 30(b)(6) (Crowley) Tr.) at 42:8-15 (Deutsche Bank relied on loan file due diligence by its affiliated sponsor as part of its securitization business).

Because loan files are plainly admissible business records, the contrary position of Deutsche Bank and its affiliate, MortgageIT, appears to be motivated by a concern that if these loan files are admitted, Deutsche Bank will not be able to argue that certain documents missing from the loan files were present at origination. *See*, *e.g.*, Dkt. No. 443 (*Daubert* Motion) at 23-27. That issue, however, has nothing to do with whether the loan files are admissible to prove that the information contained in the files was collected to originate the loan. As Judge Cote held, the parties are free to present other evidence that the information in the loan files was not truthful or accurate or that the originators collected other information not contained in the loan files. *See FHFA*, 2015 WL 1137572, at *2. "The existence of that dispute, and others like it, does not affect the admissibility of the Files as business records." *Id.*

### B. The Loan Files Are Separately Admissible Under the Catch-All Hearsay Exception in Federal Rule of Evidence 807

Alternatively, the loan files produced by MortgageIT and Deutsche Bank are admissible under the "residual exception" of Rule 807 of the Federal Rules of Evidence. *See United States v. Nivica*, 887 F.2d 1110, 1126-27 (1st Cir. 1989) (although bank records were not properly authenticated and thus not admissible as business records, they were admissible under the residual exception); *United States v. Komasa*, No. 2:10-cr-72, 2012 WL 5392099, at *4 (D. Vt.

Nov. 5, 2012) (finding loan files admissible under Rule 807), *aff'd on other grounds*, 767 F.3d 151 (2d Cir. 2014).

The loan files meet the four requirements of Rule 807. First, the loan files are trustworthy; MortgageIT relied on the trustworthiness of the loan files when originating the loans, and Deutsche Bank relied on the trustworthiness of the loan files when verifying information for the loans it acquired for securitization. *See supra* Section I.A. Second, the loan files are offered as evidence of a material fact—the information collected as part of originating the loans underlying the Certificates, which were described to MassMutual and other investors in the Offering Materials. MassMutual is using an expert reunderwriting of the loan files as one piece of evidence to show that the descriptions in the Offering Materials were false or misleading. Third, the loan files are more probative of the information collected at origination than any other evidence obtained through reasonable efforts. Fourth, admitting the loan files into evidence will best serve the purposes of the Federal Rules of Evidence, which favor admissibility of relevant, reliable evidence, and the interests of justice.

## II. ALTERNATIVELY, DEUTSCHE BANK AND MORTGAGEIT SHOULD BE ORDERED TO PRODUCE QUALIFIED CUSTODIANS FOR DEPOSITIONS AND TO BEAR ALL ASSOCIATED COSTS IF THEY DO NOT PROVIDE BUSINESS RECORDS CERTIFICATIONS

For the reasons stated above, the Court should order that the loan files produced by Deutsche Bank and MortgageIT are admissible at trial. If the Court determines that it is necessary for MassMutual to obtain further proof that the loan files are business records, however, Deutsche Bank and MortgageIT should be ordered to produce qualified custodians for

depositions regarding the admissibility of the loan files if they continue to refuse to execute business records certifications.[2]

To streamline the presentation of evidence at trial and to reduce the costs of obtaining business records testimony, the Federal Rules of Evidence set forth a straightforward procedure that allows a document to be admitted as a business record using a business record certification. Fed. R. Evid. 803(6), 902(11). As noted, all of the other active entities that produced loan files in this action, except Deutsche Bank, MortgageIT, and one entity that Deutsche Bank pressured, have produced business records certifications.

If Deutsche Bank and MortgageIT continue to refuse to provide business records certifications,[3] MassMutual must seek business records testimony through other, more costly, more time-consuming means, including deposition or trial testimony. Because MassMutual cannot compel a custodian located in New York to appear at trial in Massachusetts to provide business records testimony, Fed. R. Civ. P. 45(c), the Court should order Deutsche Bank and MortgageIT to produce qualified custodians for depositions prior to trial if these entities continue

---

[2] Any deposition for the purpose of certifying business records would not be untimely. The costs and time of litigation would multiply if parties were required to obtain evidence establishing the authenticity and admissibility of every document produced in discovery prior to knowing whether it will be used at trial. To avoid such burdens, MassMutual and Deutsche Bank entered into a stipulation in which they agreed to the authenticity of all documents produced by the parties, and agreed to consider further stipulations regarding authenticity and admissibility of documents produced by the parties or third parties "at a mutually agreed upon time prior to trial." Stephens Decl. Ex. 14 ¶¶ 1, 2, 6. In May 2015, after Deutsche Bank and MortgageIT confirmed their refusal to provide business records certifications first requested by MassMutual 11 months ago, MassMutual asked Deutsche Bank to stipulate to the admissibility of the loan files. Because Deutsche Bank refused, MassMutual filed this motion. MassMutual cannot compel witnesses in New York to appear at trial, making a deposition the only option. The deposition protocol in this action allows depositions before trial. *See* Dkt. No. 139 ¶ 2E, 140.

[3] MortgageIT has the ability to certify the loan files it produced as business records even though it may no longer have employees originating loans. *See United States v. Cameron,* 699 F.3d 621, 641 n.10 (1st Cir. 2012) (the affiant of a Rule 803(6) certification need not be "the person who actually prepared the record").

to refuse to provide business records certifications. Because there is no legitimate reason for Deutsche Bank and MortgageIT to insist on depositions in light of the business records certification procedure, they should be required to bear all costs associated with the unnecessary depositions. *See* Fed. R. Civ. P. 37(a)(5) (awarding payment of "reasonable expenses" caused by party's "failure to make disclosures or to cooperate in discovery"); 28 U.S.C. § 1927 (counsel "who so multiplies the proceedings in any case unreasonably and vexatiously may be required to" satisfy "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); *Mullins v. U.S. Bank*, Civ. A. No. 05-01002, 2007 WL 838941, at *2 (S.D. Ohio Mar. 15, 2007) (party should "be forced to bear costs" associated with deposition "necessitated by their own action or inaction").

## CONCLUSION

MassMutual respectfully requests that the Court enter an order providing that the loan files produced by Deutsche Bank and MortgageIT are admissible business records. In the alternative, MassMutual respectfully requests that the Court order Deutsche Bank and MortgageIT to produce qualified custodians for depositions, and to bear all costs associated with the depositions, if they continue to refuse to provide business records certifications pursuant to Federal Rules of Evidence 803(6) and 902(11).

DATED:  June 12, 2015

By:  */s/ Molly Stephens*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Philippe Z. Selendy (admitted *pro hac vice*)
Richard I. Werder, Jr. (admitted *pro hac vice*)
Jennifer J. Barrett (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Fax:  (212) 849-7100

Harry A. Olivar, Jr. (admitted *pro hac vice*)
Molly Stephens (admitted *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Fax:  (213) 443-3100

EGAN, FLANAGAN AND COHEN, P.C.
John J. Egan (BBO 151680)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts 01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121

*Attorneys for Massachusetts Mutual Life Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 12th day of June, 2015.

/s/ Molly Stephens
Molly Stephens

1