# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| DB STRUCTURED PRODUCTS, INC.; DEUTSCHE ALT-A SECURITIES, INC.; ACE SECURITIES CORP.; DEUTSCHE BANK SECURITIES INC.; ANILESH AHUJA; JEFFREY LEHOCKY; MICHAEL COMMAROTO; JOSEPH RICE; RICHARD D'ALBERT; RICHARD FERGUSON; DOUGLAS JOHNSON; EVELYN ECHEVARRIA; AND JULIANA JOHNSON, | ) ) ) ) ) ) ) ) ) | Civil Action No. 3:11-30039-MAP |
| Defendants. | ) ) ) ) | |

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO**
**DEUTSCHE BANK SECURITIES INC.**

PLEASE TAKE NOTICE THAT, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Massachusetts Mutual Life Insurance Company, by its undersigned counsel, hereby demands that Defendant Deutsche Bank Securities Inc. produce the following documents within thirty days after service of these Requests at the offices of Quinn Emanuel Urquhart & Sullivan, LLP.  The documents requested are to be produced according to the following definitions and instructions:

## **DEFINITIONS**

1.      The definitions set forth in Local Rule 26.5 of the United States District Court for the District of Massachusetts are hereby incorporated into these Definitions.

2.      "Bloomberg Terminal" refers to the computer system provided by Bloomberg L.P. that provides news, price quotes, and messaging across its proprietary secure network.

3.      "Certificate" or "Certificates" means any certificate or note issued in any of the Securitizations that entitles the holder or owner of the Certificate to certain distributions.

4.      "Depositors" refers to any of Deutsche Alt-A Securities, Inc. and ACE Securities Corp., as well as their officers, directors, agents, servants, employees, and all other persons acting or purporting to act on their behalf.

5.      "Deutsche Bank Securities" refers to Deutsche Bank Securities Inc., as well as its officers, directors, agents, servants, employees, affiliates, accountants, consultants, and attorneys, all other persons acting or purporting to act on its behalf, and every entity that is owned, controlled, operated by it, or that is under common ownership, control or operation with it.

6.      "Individual Defendants" refers to any of Anilesh Ahuja, Michael Commaroto, Richard D'Albert, and Richard Ferguson.

7.     The words "referring" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, providing, showing, refuting, disputing, rebutting, controverting, contradicting, and made in connection with or by reason of or arising therefrom. "Refer or relate to" has the same meaning as "referring or relating to."

8.     "MassMutual" means Plaintiff Massachusetts Mutual Life Insurance Company, as well as its officers, directors, agents, servants, employees, affiliates, accountants, consultants, and attorneys, all other persons acting or purporting to act on its behalf, and every entity that is owned, controlled, operated by, or that is under common ownership, control or operation with Massachusetts Mutual Life Insurance Company.

9.     "Mortgage Loans" means any and all mortgage loans included in each Securitization, including mortgage loans added to the loan pools after closing.

10.     "Offering Materials" refers to registration statements, preliminary and final prospectuses, prospectus supplements, term sheets, presentations, summaries, reports, and any other preliminary or final document used to market and solicit the Certificates or otherwise describe the Certificates or the Securitizations to investors, including all drafts of such documents.

11.     "Originator" or "Originators" refers to those who provided a Mortgage Loan to a borrower or who acquired the loan before transferring the loan to the Sponsor of the Securitizations.  Thus, for purposes of these Requests, a loan may have multiple "Originators" if it was transferred multiple times before being transferred to the Sponsor.  The Originators shall include such entities regardless of whether they are specifically identified in the Offering Materials.

2

12.     "Securitization" or "Securitizations" refers to any of:  (i) the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AF1 securitization, resulting in the issuance of Certificates with the CUSIP identification numbers 251510NB5 and 251510NC3; (ii) the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AR2 securitization, resulting in the issuance of Certificates with the CUSIP identification number 251508AB3; (iii) the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3 securitization, resulting in the issuance of Certificates with the CUSIP identification number 25151AAA9; (iv) the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR5 securitization, resulting in the issuance of Certificates with the CUSIP identification numbers 25150NAM6 and 25150NAN4; (v) the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR6 securitization, resulting in the issuance of Certificates with the CUSIP identification number 25150RAR6; (vi) the ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4 securitization, resulting in the issuance of Certificates with the CUSIP identification number 00441UAN0; (vii) the ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP1 securitization, resulting in the issuance of Certificates with the CUSIP identification number 00442JAE4; (viii) the ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE3 securitization, resulting in the issuance of Certificates with the CUSIP identification number 00442GAD2; (ix) the ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE4 securitization, resulting in the issuance of Certificates with the CUSIP identification number 00442LAD1; (x) the ACE Securities Corp. Home Equity Case Loan Trust, Series 2007-SL1 securitization, resulting in the issuance of Certificates with the CUSIP identification number 00442FAB8; and (xi) the ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2 securitization, resulting in the issuance of Certificates with the CUSIP identification number 00442KAD3.

13.     "Sponsor" refers to DB Structured Products, Inc., as well as its officers, directors, agents, servants, employees, and all other persons acting or purporting to act on its behalf.

14.     "Trust" or "Trusts" refers to:  (i) Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AF1; (ii) Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AR2; (iii) Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3; (iv) Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR5; (v) Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR6; (vi) ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4; (vii) ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP1; (viii) ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE3; (ix) ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE4; (x) ACE Securities Corp. Home Equity Case Loan Trust, Series 2007-SL1; and (xi) ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2.

15.     "You" and "Your" means Deutsche Bank Securities Inc., as well as its officers, directors, agents, servants, employees, affiliates, accountants, consultants, and attorneys, all other persons acting or purporting to act on its behalf, and every entity that is owned, controlled, operated by, or that is under common ownership, control or operation with Deutsche Bank Securities Inc.

### INSTRUCTIONS

1.     Unless otherwise indicated, the documents requested to be produced in this Notice include all documents in Your possession, custody, or control or the possession, custody, or control of anyone acting on Your behalf.  If any requested document was, but no longer is, in Your possession, custody, or control, state the disposition of each such document.

2.     Responsive documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure, including producing the requested documents as they are kept

4

in the usual course of business or organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the documents were produced.

3.     You are to produce the original and all non-identical copies, including all drafts, of each document requested.  If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

4.     Electronic records and computerized information must be produced in their native format with all metadata preserved and intact.

5.     Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

6.     File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

7.     A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy and copies of any document if there is no actual original or ribbon copy.

8.     The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possibly the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."  Any ambiguity in a discovery request shall be construed to bring

5

within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

9.      Any references in these document requests to an individual or person include any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting in his, her, or its behalf or under his, her or its control.

10.      If any document is withheld under any claim of privilege, including without limitation, attorney-client privilege and attorney work product,  please provide the following information with respect to such document: (a) the date of the document; (b) the title of the document; (c) the name of its author(s) or preparer(s) and an identification by employment and title of each such person; (d) the name of each person who was sent or furnished with, received, viewed or has custody of the document or a copy thereof together with an identification by employment and title of each such person; (e) the request to which the document relates; (f) the title and description of the document to identify it sufficiently without revealing the information for which privilege is claimed; (g) the claim of privilege under which it is withheld; and (h) a description of the subject matter of the document in sufficient detail to support Your contention that the document is privileged.

11.      If, after exercising due diligence to secure them, You cannot provide some or any of the requested documents, so state and provide all documents to the extent possible, specifying the reason for Your inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced.

12.      If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s)

should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

13.     If any document responsive to these requests is known to have existed and cannot now be located, or has been destroyed or discarded, set forth a complete statement of the circumstances surrounding such loss or destruction, including:  (a) a description of the document, including the date, a summary of its contents and the identity of its author and the person(s) to whom is was sent or shown; (b) the last known custodian; (c) whether the document is missing or lost or was destroyed or discarded; (d) the date of loss, destruction or discard; (e) the manner of destruction or discard; (f) the reason(s) for destruction or discard; (g) the person(s) authorizing or carrying out such destruction or discard; and (h) the efforts made to locate lost or misplaced documents.

14.     If an objection is made to any request, state your objection and the ground or grounds with particularity in your written response.  If an objection is made only to part of the request, identify that part in your written response and state your objection and the ground(s) therefore.

15.     This request is a continuing one.  If, after producing the requested documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents.  Supplemental responses should be served within thirty (30) days after such information or documents become known to You.

16.     Unless otherwise specified, the time period covered by these requests is from January 1, 2005 to the present, and shall encompass all documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that date.

7

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to any of the Securitizations.

### REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to any of the Certificates.

### REQUEST FOR PRODUCTION NO. 3:

All documents referring or relating to any of the Mortgage Loans.

### REQUEST FOR PRODUCTION NO. 4:

All documents referring or relating to Your decision to arrange or underwrite each Securitization.

### REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to the underwriting agreement for each Securitization, including without limitation all drafts of the underwriting agreement.

### REQUEST FOR PRODUCTION NO. 6:

All documents referring or relating to the relationship between You and any other underwriters for each Securitization, including without limitation the allocation of responsibilities among the underwriters for each Securitization.

### REQUEST FOR PRODUCTION NO. 7:

All communications between You and any other underwriters for each Securitization referring or relating to that Securitization.

**REQUEST FOR PRODUCTION NO. 8:**

All draft and final transaction documents for each Securitization, including without limitation any pooling and servicing agreement, indenture, insurance agreement, or third-party opinion.

**REQUEST FOR PRODUCTION NO. 9:**

All communications referring or relating to the transaction documents for each Securitization.

**REQUEST FOR PRODUCTION NO. 10:**

All documents referring or relating to Your purchase of the Certificates from the Depositors or the Trusts for resale or for Your own account.

**REQUEST FOR PRODUCTION NO. 11:**

All documents referring or relating to the structure of each Securitization, including without limitation the creation of tranches for the Securitization and the collateralization of each tranche by specific pools of Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 12:**

All documents referring or relating to the pricing of each Certificate.

**REQUEST FOR PRODUCTION NO. 13:**

All documents referring or relating to any fees or other compensation paid to You or invoiced by You for Your role in each Securitization.

**REQUEST FOR PRODUCTION NO. 14**

All documents referring or relating to any financial or ownership interest held by You in any of the Securitizations.

**REQUEST FOR PRODUCTION NO. 15:**

All documents referring or relating to the deadlines set for each Securitization, including without limitation any timelines for the Securitization and any communications concerning the issuance date for the Securitization.

**REQUEST FOR PRODUCTION NO. 16:**

All documents referring or relating to the actual or potential sale of the Certificates.

**REQUEST FOR PRODUCTION NO. 17:**

All documents referring or relating to the marketing of the Certificates to actual or potential investors.

**REQUEST FOR PRODUCTION NO. 18**

All communications with MassMutual referring or relating to any of the Securitizations or Certificates, including without limitation communications over the Bloomberg Terminal.

**REQUEST FOR PRODUCTION NO. 19**

All drafts of any of the Offering Materials for each Securitization.

**REQUEST FOR PRODUCTION NO. 20**

All documents referring or relating to the preparation of any of the Offering Materials, including without limitation documents referring or relating to the information to be included in or excluded from any of the Offering Materials.

**REQUEST FOR PRODUCTION NO. 21**

All documents You reviewed or relied on in the preparation of any of the Offering Materials for each Securitization.

**REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to identify all persons involved in the preparation of any of the Offering Materials for each Securitization.

**REQUEST FOR PRODUCTION NO. 23**

All working group lists or working party lists for each Securitization.

**REQUEST FOR PRODUCTION NO. 24**

All documents referring or relating to the filing of any of the Offering Materials for each Securitization with any governmental or regulatory agency, including without limitation the Securities and Exchange Commission.

**REQUEST FOR PRODUCTION NO. 25**

All documents referring or relating to registering the offering of Certificates with any governmental agency or securities exchange, including without limitation the Securities and Exchange Commission.

**REQUEST FOR PRODUCTION NO. 26**

All documents referring or relating to compliance with any federal or state securities regulations or laws in marketing or selling any of the Certificates.

**REQUEST FOR PRODUCTION NO. 27**

All communications with any governmental or regulatory agency, including without limitation the Securities and Exchange Commission and the Massachusetts Securities Division, that refer or relate to any of the Securitizations or Certificates.

**REQUEST FOR PRODUCTION NO. 28:**

All documents referring or relating to any due diligence conducted in connection with each of the Securitizations, including without limitation the diligence conducted on the Mortgage Loans or the disclosures in the Offering Materials for each Securitization.

**REQUEST FOR PRODUCTION NO. 29:**

All documents referring or relating to the policies, procedures, guidelines, or instructions for conducting due diligence in connection with any of the Securitizations, including without limitation any changes to or deviations from those policies, procedures, or practices.

**REQUEST FOR PRODUCTION NO. 30:**

All due diligence plans and questionnaires for each Securitization.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify all persons employed by You who were involved in any due diligence conducted in connection with each Securitization.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to identify all third-party due diligence firms or auditors that assisted You in conducting due diligence in connection with each Securitization.

**REQUEST FOR PRODUCTION NO. 33:**

All drafts of agreements entered into between You and any third-party due diligence firm or auditor in connection with each Securitization, including without limitation retention agreements.

**REQUEST FOR PRODUCTION NO. 34:**

All invoices or bills exchanged between You and any third-party due diligence firm or auditor in connection with each Securitization.

**REQUEST FOR PRODUCTION NO. 35:**

All communications between You and any third-party due diligence firm or auditor referring or relating to any of the Securitizations, the Mortgage Loans, or the Certificates.

**REQUEST FOR PRODUCTION NO. 36:**

All policies, procedures, guidelines, or instructions applicable to the services or work performed by any third-party due diligence firm or auditor in connection with each Securitization.

**REQUEST FOR PRODUCTION NO. 37:**

All documents referring or relating to any analysis, conclusions, reports, or recommendations by You, any third-party due diligence firm, or auditor concerning any of the Securitizations, the Mortgage Loans, or the Certificates.

**REQUEST FOR PRODUCTION NO. 38:**

All documents referring or relating to the actions You took in response to any analysis, conclusions, reports, or recommendations by any third-party due diligence firm or auditor concerning any of the Securitizations, the Mortgage Loans, or the Certificates.

**REQUEST FOR PRODUCTION NO. 39**

All documents referring or relating to any recommendation to exclude any mortgage loans from any of the Securitizations, regardless whether the loans were actually excluded.

**REQUEST FOR PRODUCTION NO. 40:**

All documents referring or relating to the decision to accept, reject, substitute, or cure any Mortgage Loans identified as not compliant for any reason.

**REQUEST FOR PRODUCTION NO. 41:**

All documents referring or relating to the decision to waive any deviation from applicable underwriting guidelines or standards in connection with any Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 42:**

All documents provided to You by the Sponsor or Depositors in connection with each of the Securitizations.

**REQUEST FOR PRODUCTION NO. 43:**

All documents provided to You by any Trust in connection with each of the Securitizations.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify all Originators for each Securitization and the percentage of loans by number and original principal balance that each originated.

**REQUEST FOR PRODUCTION NO. 45:**

All documents provided to You by any Originator in connection with each of the Securitizations.

**REQUEST FOR PRODUCTION NO. 46:**

All loan files for the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 47:**

All loan tapes for each Securitization.

**REQUEST FOR PRODUCTION NO. 48:**

All documents referring or relating to the underwriting guidelines or standards applicable to the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 49:**

All documents referring or relating to compliance with the underwriting guidelines or standards applicable to the Mortgage Loans, including without limitation any exceptions made to the underwriting guidelines or standards.

**REQUEST FOR PRODUCTION NO. 50:**

All documents referring or relating to any policies or procedures for detecting fraud in the origination of the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 51**

All documents referring or relating to the selection of mortgage loans for each of the Securitizations, including without limitation the requirements, criteria, policies, or procedures for the selection of mortgage loans.

**REQUEST FOR PRODUCTION NO. 52**

All documents referring or relating to any requested or actual exchange, repurchase, or removal of any of the Mortgage Loans from the Securitizations.

**REQUEST FOR PRODUCTION NO. 53**

All communications with the Sponsor or Depositors concerning any of the Securitizations, the Certificates, or the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 54**

All communications with any Trust concerning any of the Securitizations, the Certificates, or the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 55**

All communications with any Originator concerning any of the Securitizations, the Certificates, or the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 56:**

All documents referring or relating to the credit quality of any of the Mortgage Loans, including without limitation the expected delinquency, default, or foreclosure rate of any of the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 57:**

All documents referring or relating to any quantitative analysis or modeling You conducted on the Mortgage Loans, including without limitation any cash flow modeling or analysis of default risk.

**REQUEST FOR PRODUCTION NO. 58:**

All documents referring or relating to credit ratings for the Certificates, including without limitation all communications between You and any ratings agency in connection with each Securitization.

**REQUEST FOR PRODUCTION NO. 59:**

All documents referring or relating to any ratings for the Certificates that were obtained but not used.

**REQUEST FOR PRODUCTION NO. 60:**

All documents referring or relating to any fees paid to any ratings agency in connection with each Securitization.

**REQUEST FOR PRODUCTION NO. 61**

All documents referring or relating to any appraisers or appraisals for the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 62**

All communications between You and any appraiser referring or relating to the Mortgage Loans, the Securitizations, or the Certificates.

**REQUEST FOR PRODUCTION NO. 63**

All documents referring or relating to the quality of any securitizations sponsored by the Sponsor from January 2005 to September 2007, including without limitation documents concerning the performance of mortgage loans or certificates from securitizations sponsored by the Sponsor.

**REQUEST FOR PRODUCTION NO. 64**

All documents referring or relating to the quality of mortgage loans originated by each Originator from January 2005 to September 2007, including without limitation any studies or analyses concerning the Originator's compliance with underwriting guidelines or the rates of delinquency, default, or foreclosure with the Originator's mortgage loans.

**REQUEST FOR PRODUCTION NO. 65**

All documents referring or relating to any due diligence conducted on the Sponsor and Depositors from January 2005 to September 2007, including without limitation any due diligence conducted in connection with whole loan purchases, warehouse lending arrangements, or other securitizations.

**REQUEST FOR PRODUCTION NO. 66**

All documents referring or relating to any due diligence conducted on any Originator from January 2005 to September 2007, including without limitation any due diligence conducted in connection with whole loan purchases, warehouse lending arrangements, or other securitizations.

**REQUEST FOR PRODUCTION NO. 67**

All documents referring or relating to appraisal fraud from January 2005 to September 2007.

**REQUEST FOR PRODUCTION NO. 68**

All documents referring or relating to borrower fraud from January 2005 to September 2007.

**REQUEST FOR PRODUCTION NO. 69:**

All documents referring or relating to Your analysis of the United States housing market from January 2005 to September 2007, including without limitation any reports or memoranda concerning how the housing market might affect the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 70**

All documents referring or relating to any credit enhancements obtained for any of the Securitizations by way of insurance, swap, or other contracts, including without limitation all drafts of the contracts and all communications with the contract counterparties.

**REQUEST FOR PRODUCTION NO. 71**

All communications with any mortgage insurer or financial guaranty insurer concerning any of the Securitizations, the Certificates, or the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 72**

All documents You produced or made available to any congressional body, regulatory agency, law enforcement agency, or other governmental agency or person referring or relating to residential mortgage-backed securitizations, including without limitation any documents You

produced or made available to the Financial Crisis Inquiry Commission or the U.S. Senate Permanent Subcommittee on Investigations.

**REQUEST FOR PRODUCTION NO. 73**

Documents sufficient to show Your corporate structure from January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 74**

Documents sufficient to identify all persons, including positions and time periods, who served as Your officers and directors from January 1, 2005 to December 31, 2007.

**REQUEST FOR PRODUCTION NO. 75**

Documents sufficient to show the roles, responsibilities, and duties of each of the Individual Defendants at Deutsche Bank Securities from January 1, 2005 to December 31, 2007.

**REQUEST FOR PRODUCTION NO. 76**

Documents sufficient to identify all committees, groups, or departments of which each Individual Defendant was a member at Deutsche Bank Securities or any of its parents, subsidiaries, or affiliates from January 1, 2005 to December 31, 2007.

**REQUEST FOR PRODUCTION NO. 77**

All documents referring or relating to the roles, responsibilities, and duties of each of the Individual Defendants in connection with any of the Securitizations.

**REQUEST FOR PRODUCTION NO. 78**

All documents referring or relating to any work performed or decision made by any of the Individual Defendants in connection with any of the Securitizations.

## REQUEST FOR PRODUCTION NO. 79

All documents referring or relating to any participation by any of the Individual

Defendants in creating, drafting, approving, or revising any policies, procedures, guidelines, or

instructions used in connection with any of the Securitizations.

## REQUEST FOR PRODUCTION NO. 80

All documents and communications sent or received by any of the Individual Defendants

referring or relating to any of the Securitizations, the Mortgage Loans, or the Certificates.

## REQUEST FOR PRODUCTION NO. 81

Your document retention policies in effect from January 1, 2005 to the present.


DATED:  December 6, 2012          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  _____/s/ Harry A. Olivar_____
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Fax:  (213) 443-3100
harryolivar@quinnemanuel.com
mollystephens@quinnemanuel.com

EGAN, FLANAGAN AND COHEN, P.C.

Edward J. McDonough Jr. (BBO 331590)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
ejm@efclaw.com; ses@efclaw.com

*Attorneys for Plaintiff Massachusetts Mutual Life
Insurance Co.*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the below-listed attorneys-of-record for each other party by first-class mail and electronic mail on the 6th of December, 2012.

Kathy B. Weinman (kweinman@collorallp.com)
Azure M. Abuirmeileh (aabuirmeileh@collorallp.com)
COLLORA LLP
600 Atlantic Avenue, 12th Floor
Boston, Massachusetts  02210

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Deutsche Bank Securities Inc., Anilesh Ahuja, Michael Commaroto, Richard D'Albert, and Richard Ferguson*

/s/ Farbod S. Moridani
_____
Farbod S. Moridani