# Exhibit 3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| SEE ATTACHMENT A  *Plaintiff* <br> v. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. SEE ATTACHMENT A <br><br> If the action is pending in another district, state where: |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  MortgageIT, Inc.
c/o CT Corporation System
155 Federal St., Suite 700
Boston, MA 02110

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See Schedule A

| Place: | Egan, Flanagan and Cohen, P.C. <br> Attn: John J. Egan <br> 67 Market St., P.O. Box 9035 <br> Springfield, MA 01102 | Date and Time: <br> June 10, 2013 at 9:00 a.m. |
|---|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: May 23, 2013

*CLERK OF COURT*

OR

*/s/ Jennifer English*

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Massachusetts Mutual Life Insurance Company                                                          , who issues or requests this subpoena, is:
Jennifer English, Quinn Emanuel Urquhart & Sullivan LLP; jenniferenglish@quinnemanuel.com
865 S. Figueroa St., 10th Floor, Los Angeles, California 90017; (213) 443-3000

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:11-cv-30039-MAP; 3:11-cv-30044-MAP; 3:11-cv-30047-MAP; 3:11-cv-30048-MAP; 3:11-cv-30094-MAP; 3:11-cv-30126-MAP; 3:11-cv-30127-MAP; 3:11-cv-30141-MAP; 3:11-cv-30215-MAP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO SUBPOENA**

*Massachusetts Mutual Life Insurance Company v. DB Structured Products, Inc., et al.*, Civil Action No. 3:11-30039-MAP

*Massachusetts Mutual Life Insurance Company v. RBS Financial Products Inc. (f/k/a Greenwich Capital Financial Products, Inc.), et al.*, Civil Action No. 3:11-30044-MAP

*Massachusetts Mutual Life Insurance Company v. DLJ Mortgage Capital, Inc., et al.*, Civil Action No. 3:11-30047-MAP

*Massachusetts Mutual Life Insurance Company v. Credit Suisse First Boston Mortgage Securities Corp., et al.*, Civil Action No. 3:11-30048-MAP

*Massachusetts Mutual Life Insurance Company v. JPMorgan Chase Bank, N.A., et al.*, Civil Action No. 3:11-30094-MAP

*Massachusetts Mutual Life Insurance Company v. Goldman Sachs Mortgage Company, et al.*, Civil Action No. 3:11-30126-MAP

*Massachusetts Mutual Life Insurance Company v. Impac Funding Corporation, et al.*, Civil Action No. 3:11-30127-MAP

*Massachusetts Mutual Life Insurance Company v. HSBC Bank USA, National Association, et al.*, Civil Action No. 3:11-30141-MAP

*Massachusetts Mutual Life Insurance Company v. Countrywide Financial Corporation, et al.*, Civil Action No. 3:11-30215-MAP

**Schedule A**
**Definitions**

1. "Communications" means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

2. "Documents" is meant in the broadest possible sense and includes, but is not limited to, any writings and includes the following items, whether printed or recorded or reproduced by any other mechanical process or written or produced by hand, including drafts: agreements; communications; correspondence; electronic mail; text messages; telegrams; memoranda; summaries, records or reports of telephone conversations, personal conversations, interviews, meetings, conferences, investigations or negotiations; opinions or reports of consultants; diaries; graphs; reports; notebooks; charts; plans; drawings; sketches; maps; photographs; film; brochures; pamphlets; advertisements; circulars; press releases; letters; faxes; any marginal comments appearing in any documents; tape recordings; electronic transmissions; computer printouts and all other writings.  Documents shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device).  A draft or non-identical copy of a document is a separate document within the meaning of this term.

3. "Loan Files" means all files and related documents concerning the origination, underwriting, processing, closing, and servicing of any of the Mortgage Loans.

4. "Mortgage Loans" means any and all mortgage loans included in each Securitization.

5. "Mortgaged Property" means the real property or cooperative dwelling, including all improvements thereon, that served as security for each of the Mortgage Loans.

6. The words "referring," "relating to," or "concerning" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, providing, showing, refuting, disputing, rebutting, controverting, contradicting, and made in connection with or by reason of or arising therefrom.

7. "Securitization" or "Securitizations" means any of the securitizations listed on Exhibit 1.

8. "Relevant Securitization Party" means any of: (i) American Home Mortgage Investment Corp. and its subsidiaries and affiliates, including AHM Acceptance; (ii) Bank of America Corp. and its subsidiaries and affiliates, including Banc of America Securities LLC and Bank of America, N.A.; (iii) Barclays Bank plc and its subsidiaries and affiliates, including Barclays Capital Inc.; (iv) The Bear Stearns Companies Inc. and its former subsidiaries and affiliates, including Bear, Stearns & Co. Inc. and EMC Mortgage Corp.; (v) Credit Suisse (USA), Inc. and its subsidiaries and affiliates, including Credit Suisse Securities (USA) LLC and DLJ Mortgage Capital, Inc.; (vi) Deutsche Bank AG and its subsidiaries and affiliates, including Deutsche Bank Securities Inc. and DB Structured Products, Inc.; (vii) Goldman, Sachs & Co. and its subsidiaries and affiliates; (viii) HSBC Holdings plc and its subsidiaries and affiliates, including HSBC Securities (USA) Inc. and HSBC Bank USA, N.A.; (ix) Impac Funding Corporation and its subsidiaries and affiliates; (x) JPMorgan Chase & Co. and its subsidiaries and affiliates, including J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) and J.P. Morgan Mortgage Acquisition Corp.; (xi) Merrill Lynch & Co., Inc. and its former subsidiaries and affiliates, including Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch

7

Mortgage Lending, Inc.; (xii) The Royal Bank of Scotland Group plc and its subsidiaries and affiliates, including RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.) and RBS Financial Products, Inc. (f/k/a Greenwich Capital Fin. Prods., Inc.); (xiii) Taylor, Bean & Whitaker Mortgage Corp. and its subsidiaries and affiliates; (xiv) UBS AG and its subsidiaries and affiliates, including UBS Securities LLC; and (xv) Washington Mutual Bank and its former subsidiaries and affiliates, including WaMu Capital Corporation and Washington Mutual Mortgage Securities Corp., along with their officers, directors, agents, servants, employees, affiliates, accountants, consultants, attorneys, and all other persons acting or purporting to act on their behalf.

9. "You" and "Your" means MortgageIT, Inc., as well as its officers, directors, agents, servants, employees, affiliates, accountants, consultants, attorneys, business units, divisions, successors, and all other persons acting or purporting to act on its behalf.

## Instructions

1. In responding to this Subpoena, You are required to produce all responsive documents that are in Your possession, custody, or control or in the possession, custody, or control of Your agents, employees, or other representatives. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request; the word "all" means

"any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to." Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

3. The requests shall be deemed to be continuing so as to require supplemental productions as You obtain additional documents between the time of the initial production hereunder and the time of trial in these actions.

4. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5. You must produce responsive documents as they have been kept in the usual course of business or shall organize or label them to correspond to the enumerated requests of this Subpoena. If, after exercising due diligence to secure them, You cannot provide some or any of the requested documents, so state and provide all documents to the extent possible, specifying the reason for Your inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced.

6. If any document is withheld under any claim of privilege, including without limitation, attorney-client privilege and attorney work product, You should provide the following information with respect to such document: (a) the date of the document; (b) the name of its author(s) or preparer(s); (c) the name of each person who was sent or furnished with the document or a copy thereof; (d) the title or description of the document sufficient to identify it without revealing the information for which privilege is claimed; (e) the claim of privilege under

9

which it is withheld; and (f) a description of the subject matter of the document in sufficient detail to support Your contention that the document is privileged.

7. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

8. If an objection is made to any request, state Your objection and the ground or grounds with particularity in Your written response. If an objection is made only to part of the request, identify that part in Your written response and state Your objection and the ground(s) therefore.

9. Unless otherwise specified, the time period covered by these requests is from January 1, 2005 to the present, and shall encompass all documents and information relating in whole or in part to such period.

10. Terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

## REQUESTS

**REQUEST NO. 1:**

All documents referring or relating to the Mortgage Loans, including without limitation the Loan Files for the Mortgage Loans.

**REQUEST NO. 2:**

All underwriting or re-underwriting guidelines, manuals, or matrices applicable to any of the Mortgage Loans, including without limitation all changes, amendments, or updates to those guidelines, manuals, or matrices.

**REQUEST NO. 3:**

All documents referring or relating to compliance or lack of compliance with any of the underwriting or re-underwriting guidelines, manuals, or matrices applicable to any of the Mortgage Loans.

**REQUEST NO. 4:**

All documents referring or relating to the policies, procedures, or practices for originating, acquiring, underwriting, or re-underwriting any of the Mortgage Loans, including without limitation documents concerning any deviations from or exceptions to those policies, procedures, or practices and any compensating factors used to justify any deviations from or exceptions to those policies, procedures, or practices.

**REQUEST NO. 5:**

All documents referring or relating to any audits, analyses, due diligence, investigations, reports, inquiries, or other reviews performed in connection with any of the Mortgage Loans, including without limitation any routine quality control audits, compliance audits, or fraud reviews or any investigations or audits prompted by internal or external complaints.

**REQUEST NO. 6:**

All documents referring or relating to fraud in the origination of any of the Mortgage Loans, including without limitation any policies or procedures for detecting fraud and any reports or allegations of fraud or misrepresentations by borrowers, brokers, loan officers, loan processors, appraisers, or others.

**REQUEST NO. 7:**

All documents referring or relating to the appraisal or valuation of each Mortgaged Property, including without limitation the policies and procedures for conducting or obtaining

appraisals, all communications with appraisers, and any documents concerning the accuracy of appraisals or valuations.

**REQUEST NO. 8:**

All documents referring or relating to any repurchase requests for any of the Mortgage Loans, including without limitation any responses to such requests and any analysis performed in connection with such requests and responses.

**REQUEST NO. 9:**

All communications with any Relevant Securitization Party referring or relating to the Mortgage Loans or the underwriting or re-underwriting guidelines, manuals, or matrices applicable to the Mortgage Loans.

**REQUEST NO. 10:**

All documents referring or relating to due diligence conducted by any Relevant Securitization Party on You or Your origination, underwriting, or re-underwriting practices between January 1, 2005 and December 31, 2008.

**REQUEST NO. 11:**

All documents referring or relating to the compensation or other incentive structure for any of Your employees involved in the origination, underwriting, or re-underwriting of the Mortgage Loans, including without limitation all documents concerning any relationship between compensation and loan volume.

**REQUEST NO. 12:**

All documents referencing the volume of mortgage loans You originated, acquired, or sold between January 1, 2005 and December 31, 2008, including without limitation documents

showing the actual volume of loans originated, acquired, or sold and any minimum volume requirements.

**REQUEST NO. 13:**

All communications with any regulatory or law enforcement agency, any U.S. Attorney, or any state attorney general referring or relating to Your origination of mortgage loans, including without limitation any documents produced or made available in response to any subpoena from the Financial Crisis Inquiry Commission or the U.S. Senate Permanent Subcommittee on Investigations.

**REQUEST NO. 14:**

Your document retention policies in effect from January 1, 2005 to the present.

# Exhibit 1

MassMutual has specific information that You originated loans that were included in the following securitizations:

| Short Case Caption | Full Securitization Name | Abbreviation | CUSIPs |
|---|---|---|---|
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Adjustable Rate Mortgage, Series 2007-2 | BSARM 2007-2 | 07401EAA7 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE4 | ACE 2007-HE4 | 00442LAD1 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | ACE Securities Corp. Home Equity Loan Trust, Series 2007-SL1 | ACE 2007-SL1 | 00442FAB8 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AF1 | DBALT 2006-AF1 | 251510NC3<br>251510NB5 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3 | DBALT 2006-AR3 | 25151AAA9 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR6 | DBALT 2006-AR6 | 25150RAR6 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | RBSGC Mortgage Loan Trust, Series 2007-A | RBSGC 2007-A | 74927WAM6 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | RBSGC Mortgage Loan Trust, Series 2007-B | RBSGC 2007-B | 74927XAM4 |

MassMutual believes that You may have originated loans that were included in the following securitizations:

| Short Case Caption | Full Securitization Name | Abbreviation | CUSIPs |
|---|---|---|---|
| *MassMutual v. Countrywide Fin. Corp.*, No. 11-cv-30215 | Banc of America Funding Corporation, Series 2006-H | BAFC 2006-H | 05950PBC6 |
| *MassMutual v. Countrywide Fin. Corp.*, No. 11-cv-30215 | Merrill Lynch Mortgage Investors Trust, Series 2006-FF1 | MLMI 2006-FF1 | 59023WAG3 |
| *MassMutual v. Countrywide Fin. Corp.*, No. 11-cv-30215 | Merrill Lynch Mortgage Investors Trust, Series 2006-OPT1 | MLMI 2006-OPT1 | 59022VAN1 |
| *MassMutual v. Countrywide Fin. Corp.*, No. 11-cv-30215 | Merrill Lynch Mortgage Investors Trust, Series 2007- HE1 | MLMI 2007-HE1 | 59024EAD9 |
| *MassMutual v. Credit Suisse First Boston Mortg. Sec. Corp.*, No. 11-cv-30048 | TBW Mortgage Pass- Through Certificates, Series 2007-1 | TBW 2007-1 | 87222EAJ7 |
| *MassMutual v. Credit Suisse First Boston Mortg. Sec. Corp.*, No. 11-cv-30048 | TBW Mortgage-Backed Pass-Through Certificates, Series 2007-2 | TBW 2007-2 | 872227AE3<br>872227AM5 |
| *MassMutual v. Credit Suisse First Boston Mortg. Sec. Corp.*, No. 11-cv-30048 | TBW Mortgage-Backed Pass-Through Certificates, Series 2006-4 | TBW 2006-4 | 872224AD2<br>872224AL4 |
| *MassMutual v. Credit Suisse First Boston Mortg. Sec. Corp.*, No. 11-cv-30048 | TBW Mortgage-Backed Pass-Through Certificates, Series 2006-6 | TBW 2006-6 | 87222PAN3 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4 | ACE 2006-ASAP4 | 00441UAN0 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP1 | ACE 2007-ASAP1 | 00442JAE4 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE3 | ACE 2007-HE3 | 00442GAD2 |

| | | | |
|---|---|---|---|
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2 | ACE 2007-WM2 | 00442KAD3 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR5 | DBALT 2006-AR5 | 25150NAM6 25150NAN4 |
| *MassMutual v. DB Structured Prods., Inc.*, No. 11-cv-30039 | Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AR2 | DBALT 2006-AR2 | 251508AB3 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | Adjustable Rate Mortgage Trust, Series 2006-1 | ARM/ARMT 2006-1 | 225470C84 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | Adjustable Rate Mortgage Trust, Series 2007-1 | ARM/ARMT 2007-1 | 007037BK9 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | Credit Suisse Mortgage Capital Certificates, Series 2007-1 | CSMC 2007-1 | 126378AR9 126378AS7 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | Credit Suisse Mortgage Capital Certificates, Series 2007-3 | CSMC 2007-3 | 12638PAL3 12638PAP4 12638PAQ2 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-3 | CSAB 2006-3 | 12628KAT9 12628KAV4 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1 | CSAB 2006-1 | 22943HAD8 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-2 | CSAB 2006-2 | 12627HAN0 12627HAR1 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-4 | CSAB 2006-4 | 12628LAU4 |
| *MassMutual v. DLJ Mortg. Capital, Inc.*, No. 11-cv-30047 | CSAB Mortgage-Backed Pass-Through Certificates, Series 2007-1 | CSAB 2007-1 | 12629EAK1 12629EAL9 |
| *MassMutual v. Goldman Sachs Mortg. Co.*, No. 11-cv-30126 | American Home Mortgage Assets Trust, Series 2006-1 | AHMAT 2006-1 | 02660WAC0 |
| *MassMutual v. Goldman Sachs Mortg. Co.*, No. 11-cv-30126 | American Home Mortgage Assets Trust, Series 2006-2 | AHMAT 2006-2 | 02660XAD6 |
| *MassMutual v. Goldman Sachs Mortg. Co.*, No. 11-cv-30126 | American Home Mortgage Investment Trust, Series 2005-4 | AHMIT 2005-4 | 02660TGN7 02660TGS6 |
| *MassMutual v. Goldman Sachs Mortg. Co.*, No. 11-cv-30126 | American Home Mortgage Investment Trust, Series 2006-1 | AHMIT 2006-1 | 02660TJB0 |
| *MassMutual v. Goldman Sachs Mortg. Co.*, No. 11-cv-30126 | American Home Mortgage Investment Trust, Series 2006-2 | AHMIT 2006-2 | 02660YAE2 02660YAF9 |
| *MassMutual v. Goldman Sachs Mortg. Co.*, No. 11-cv-30126 | American Home Mortgage Investment Trust, Series 2007-2 | AHMIT 2007-2 | 02660CAH3 |
| *MassMutual v. HSBC Bank USA*, No. 11-cv-30141 | First Franklin Mortgage Loan A-B Certificates, Series 2006-FF11 | FFML 2006-FF11 | 32028PAQ8 |
| *MassMutual v. HSBC Bank USA*, No. 11-cv-30141 | HSI Asset Loan Obligation, Series 2007-WF1 | HALO 2007-WF1 | 40431KAL4 40431KAE0 |
| *MassMutual v. HSBC Bank USA*, No. 11-cv-30141 | HSI Asset Securitization Corporation, Series 2007-WF1 | HASC 2007-WF1 | 40431RAN5 |
| *MassMutual v. Impac Funding Corp.*, No. 11-cv-30127 | Impac Secured Assets Corp., Series 2006-1 | ISAC 2006-1 | 45254TTM6 |
| *MassMutual v. Impac Funding Corp.*, No. 11-cv-30127 | Impac Secured Assets Corp., Series 2006-4 | ISAC 2006-4 | 45257BAN0 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Mortgage Funding, Series 2006-SL1 | BSMF 2006-SL1 | 07400WAJ9 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Mortgage Funding, Series 2007-AR1 | BSMF 2007-AR1 | 07401MAW1 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Adjustable Rate Mortgage, Series 2005-10 | BSARM 2005-10 | 07387AET8 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns ALT-A Trust, Series 2006-6 | BALTA 2006-6 | 073868AU5 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns ALT-A Trust, Series 2006-7 | BALTA 2006-7 | 073875AF3 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Asset Backed Securities, Series 2006-AC4 | BSABS 2006-AC4 | 07388WAJ5 |

15

| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Asset Backed Securities, Series 2006-AQ1 | BSABS 2006-AQ1 | 07389PBD1 |
|---|---|---|---|
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Asset Backed Securities, Series 2007-1 | BSABS 2007-1 | 073860AB4 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Asset Backed Securities, Series 2007-AC2 | BSABS 2007-AC2 | 073854AB7 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Asset Backed Securities, Series 2007-HE3 | BSABS 2007-HE3 | 073852AD7 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Mortgage Funding, Series 2006-AC1 | BSMF 2006-AC1 | 07400XAJ7 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Mortgage Funding, Series 2006-AR1 | BSMF 2006-AR1 | 07401LAA1<br>07401LAQ6 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Mortgage Funding, Series 2006-AR2 | BSMF 2006-AR2 | 07401ABB2 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Bear Stearns Mortgage Funding, Series 2006-AR3 | BSMF 2006-AR3 | 07400HAW3<br>07400HAX1 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | GreenPoint Mortgage Funding Trust, Series 2006-AR1 | GMFT 2006-AR1<br>GPMF 2006-AR1 | 39538WFH6 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | GreenPoint Mortgage Funding Trust, Series 2006-AR3 | GMFT 2006-AR3<br>GPMF 2006-AR3 | 39538WHF8 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | J.P. Morgan Alternative Loan Trust, Series 2006-A1 | JPALT 2006-A1 | 46627MCS4 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | J.P. Morgan Mortgage Acquisition Corporation Trust, Asset-Backed Pass Through Certificates, Series 2006-CH1 | JPMAC 2006-CH1 | 46629TAP5 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | J.P. Morgan Mortgage Acquisition Corporation Trust, Asset-Backed Pass Through Certificates, Series 2006-CH2 | JPMAC 2006-CH2 | 46629QAG1<br>46629QAR7<br>46629QBE5<br>46629QBF2 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | J.P. Morgan Mortgage Trust, Series 2005-ALT1 | JPMMT 2005-ALT1 | 466247XE8 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust, Series 2005-AR8 | SAMI 2005-AR8 | 86359LRW1 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust, Series 2006-AR3 | SAMI 2006-AR3 | 86360KAF5 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust, Series 2006-AR5 | SAMI 2006-AR5 | 86360JAA9<br>86360JAE1<br>86360JAN1 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust, Series 2006-AR6 | SAMI 2006-AR6 | 86360UAF3 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust, Series 2006-AR7 | SAMI 2006-AR7 | 86361HAA2<br>86361HAZ7<br>86361HBA1 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust, Series 2007-AR1 | SAMI 2007-AR1 | 86362XAV0 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Structured Asset Mortgage Investments II Trust,, Series 2006-AR8 | SAMI 2006-AR8 | 86361WAU5<br>86361WAV3 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | WaMu Mortgage Pass-Through Certificates, Series 2006-AR7 | WaMu 2006-AR7 | 93363CAF6 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Washington Mutual Asset-Backed Certificates, WMABS Series 2007-HE2 | WaMu 2007-HE2<br>WMABS 2007-HE2 | 92926SAE6 |

| | | | |
|---|---|---|---|
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-AR1 | WMALT 2005-AR1 | 93934FHC9 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR1 | WMALT 2006-AR1 | 93934FJQ6 |
| *MassMutual v. JPMorgan Chase Bank, N.A.*, No. 11-cv-30094 | Washington Mutual Mortgage Securities Corporation, WMALT Series 2006-AR5 | WMALT 2006-AR5 | 93935AAE2 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | DSLA Mortgage Loan Trust, Series 2005-AR3 | DSLA 2005-AR3 | 23332UDU5 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | DSLA Mortgage Loan Trust, Series 2005-AR6 | DSLA 2005-AR6 | 23332UFV1 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | Harborview Mortgage Loan Trust, Series 2005-13 | HVMLT 2005-13 | 41161PWB5 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | Harborview Mortgage Loan Trust, Series 2005-8 | HVMLT 2005-8 | 41161PQU0 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | Harborview Mortgage Loan Trust, Series 2006-4 | HVMLT 2006-4 | 41161PL43 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | Harborview Mortgage Loan Trust, Series 2006-SB1 | HVMLT 2006-SB1 | 41162BAH6 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | Harborview Mortgage Loan Trust, Series 2007-2 | HVMLT 2007-2 | 41164LAB5 |
| *MassMutual v. RBS Fin. Prods. Inc.*, No. 11-cv-30044 | Soundview Home Equity Loan Trust, Asset-Backed Certificates, Series 2006-WF1 | SVHE 2006-WF1 | 83612LAK5<br>83612LAM1 |

17