# Exhibit 8

# Karen Bobrow

| | |
|---|---|
| **From:** | Gudis, Elizabeth <EGudis@stblaw.com> |
| **Sent:** | Wednesday, May 27, 2015 7:18 AM |
| **To:** | Karen Bobrow; Duffy, Meredith C; List-STB_MassMutual |
| **Cc:** | MassMutual |
| **Subject:** | RE: MassMutual v. DB Structured Products, Inc., et al., No. 11-30039 (D. Mass.) |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

Deutsche Bank Securities Inc. ("Deutsche Bank") does not stipulate to the admissibility at trial of the entire contents of all of the loan files identified in your May 20, 2015 email (the "loan files"). As we explained during our call on May 22, 2015, the loan files produced in this action by Deutsche Bank were not created by Deutsche Bank, and therefore Deutsche Bank cannot stipulate as to facts concerning their creation and does not believe that they can properly be admitted as "Records of Regularly Conducted Activity" pursuant to Federal Rule of Evidence 803(6). Specifically, all but one of the loan files listed in your email below are from over a dozen un-affiliated originators, whose loan files have, through various channels, ended up in Deutsche Bank's possession. These documents contain hearsay within hearsay statements, which the First Circuit has held do not meet the requirements of Federal Rule of Evidence 803(6). Furthermore, in order for a document to be admitted under Rule 803(6) it must meet all of the requirements laid out under Rule 803(6), not just Rule 803(6)(E). In addition, on our May 22 call you informed us that you are not seeking to have the loan files admitted to show the truth of the statements contained therein but rather to show the jury what the loan files contain. If that is indeed the case, there is no need to have the loan files admitted as business records under Rule 803(6).

We similarly do not agree that the loan files are admissible under Rule 807 for the reasons discussed above. The criteria for admissibility under Rule 807 has nothing to do with Deutsche Bank's review or use of these loan files. Moreover, the District of Massachusetts has noted that the residual exception is "to be used sparingly, in exceptional circumstances." *House of Clean, Inc. v. St. Paul Fire & Marine Ins. Co.*, 775 F. Supp. 2d 302, 316 (D. Mass. 2011) (quoting *Kosilek v. Maloney*, 221 F. Supp. 2d 156, 172 n. 9 (D. Mass. 2002)). We do not believe such an exceptional circumstance exists here particularly where it is MassMutual that is apparently contending that many of the loan files contain inaccurate or untrue statements.

Regards,
Liz

_____

Elizabeth Gudis
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

T: +1-212-455-2284
egudis@stblaw.com

---

**From:** Karen Bobrow [mailto:KarenBobrow@quinnemanuel.com]
**Sent:** Friday, May 22, 2015 5:25 PM
**To:** Duffy, Meredith C; List-STB_MassMutual

**Cc:** MassMutual
**Subject:** RE: MassMutual v. DB Structured Products, Inc., et al., No. 11-30039 (D. Mass.)

Counsel,

I write to confirm the meet and confer call today regarding the admissibility of loan files produced by Deutsche Bank Securities Inc. ("Deutsche Bank").  As we explained on the call, and as several courts have held, the loan files are properly admissible as business records under Rule 803(6) of the Federal Rules of Evidence.  They are the files for the Mortgage Loans that DB Structured Products, Inc., an affiliate of Deutsche Bank, acquired for the securitizations at issue and that were purportedly reviewed as part of a diligence process to confirm the loan information included in the Offering Materials distributed by Deutsche Bank.  On the call, Deutsche Bank refused to provide any facts that the loan files produced by Deutsche Bank are not business records.  Deutsche Bank's objection that the loan files contain documents prepared by other entities does not preclude their admissibility as business records.  If Deutsche Bank seeks to challenge the admissibility of these loan files as business records, it must "show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. Evid. 803(6)(E).

Similarly, under Federal Rule of Evidence 807, the loan files are admissible if they have "circumstantial guarantees of trustworthiness."  Fed. R. Evid. 807(a)(1).  Deutsche Bank also refused to provide any facts indicating that the loans lack trustworthiness.  If Deutsche Bank believes that loan files used to confirm loan information are so unreliable that they lack trustworthiness, it should state so in writing to the Court so that such admissions may be considered against Deutsche Bank.  If Deutsche Bank is unwilling to admit that the loan files lack trustworthiness, and cannot provide any facts indicating that the loan files are not business records, then Deutsche Bank should stipulate to their admissibility.

By Tuesday, May 26, 2015, please confirm whether Deutsche Bank will stipulate to the admissibility at trial of the loan files identified in my May 20, 2015 email below.  Otherwise, we will seek relief from the Court.

Regards,

**Karen Bobrow**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3847 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
karenbobrow@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Karen Bobrow
**Sent:** Thursday, May 21, 2015 6:49 PM
**To:** 'Duffy, Meredith C'; List-STB_MassMutual
**Cc:** MassMutual
**Subject:** RE: MassMutual v. DB Structured Products, Inc., et al., No. 11-30039 (D. Mass.)

Meredith,

Let's talk at noon ET.  We can use this dial in:
1-866-499-9580

Code: 7590481

Regards,
Karen

---

**From:** Duffy, Meredith C [mailto:MDuffy@stblaw.com]
**Sent:** Thursday, May 21, 2015 4:11 PM
**To:** Karen Bobrow; List-STB_MassMutual
**Cc:** MassMutual
**Subject:** RE: MassMutual v. DB Structured Products, Inc., et al., No. 11-30039 (D. Mass.)

Karen,

We are available tomorrow to meet and confer between 11:00 am – 1 pm EST; please let us know if you're available in that timeframe.

Regards,
Meredith

---

**From:** Karen Bobrow [mailto:KarenBobrow@quinnemanuel.com]
**Sent:** Wednesday, May 20, 2015 7:05 PM
**To:** List-STB_MassMutual
**Cc:** MassMutual
**Subject:** MassMutual v. DB Structured Products, Inc., et al., No. 11-30039 (D. Mass.)

Counsel,

I write regarding loan files identified in Exhibit 5a to the Expert Report of Steven Butler, dated July 21, 2014, which were produced by Defendant Deutsche Bank Securities Inc. ("Deutsche Bank"), identified by Bates numbers below.  Because the loan files were produced from Deutsche Bank's own files, we request that Deutsche Bank stipulate to the admissibility at trial of the produced files to streamline the presentation of evidence at trial.  Please confirm by Friday, May 22, 2015, the Deutsche Bank will so stipulate.  If Deutsche Bank refuses, please let us know your availability on Friday for a meet and confer call.

| Global Loan Number | Beginning Bates Number | Ending Bates Number |
|---|---|---|
| 30039_ACE_2007_ASP1_000000113845204 | MMDB_1834348 | MMDB_1834524 |
| 30039_ACE_2007_ASP1_000000114156780 | MMDB_1835631 | MMDB_1836109 |
| 30039_ACE_2007_ASP1_000000114426001 | MMDB_1836462 | MMDB_1837095 |
| 30039_ACE_2007_HE4_000000114948366 | MMDB_1837096 | MMDB_1837464 |
| 30039_DBALT_2006_AR2_000000111941890 | MMDB_1837465 | MMDB_1837646 |
| 30039_DBALT_2006_AR2_000000111941864 | MMDB_1837647 | MMDB_1837775 |
| 30039_DBALT_2006_AR2_000000111941822 | MMDB_1837776 | MMDB_1838150 |
| 30039_DBALT_2006_AR2_000000111848771 | MMDB_1839229 | MMDB_1839345 |
| 30039_ACE_2007_HE4_000000112584643 | MMDB_1839638 | MMDB_1839899 |
| 30039_DBALT_2006_AR2_000000111934744 | MMDB_1839900 | MMDB_1840383 |
| 30039_DBALT_2006_AR2_000000111934686 | MMDB_1840384 | MMDB_1840691 |
| 30039_DBALT_2006_AR2_000000111934701 | MMDB_1840692 | MMDB_1840773 |
| 30039_DBALT_2006_AR2_000000111934668 | MMDB_1841477 | MMDB_1841730 |
| 30039_DBALT_2006_AR2_000000111934782 | MMDB_1841731 | MMDB_1841891 |
| 30039_DBALT_2006_AR2_000000111934702 | MMDB_1841892 | MMDB_1842275 |

| | | |
|---|---|---|
| 30039_DBALT_2006_AR2_000000111934784 | MMDB_1842276 | MMDB_1842341 |
| 30039_DBALT_2006_AR2_000000111934794 | MMDB_1842342 | MMDB_1842474 |
| 30039_ACE_2007_HE4_000000114637862 | MMDB_2076427 | MMDB_2076824 |
| 30039_ACE_2007_HE4_000000114949060 | MMDB_2098240 | MMDB_2099433 |

Regards,

**Karen Bobrow**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3847 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
karenbobrow@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.