# EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>DB STRUCTURED PRODUCTS, INC., et al.,<br><br>        Defendants. | Civil Action No. 3:11-30039-PBS |

## STIPULATION REGARDING AUTHENTICITY OF DOCUMENTS

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") and Defendants Deutsche Bank Securities Inc., Anilesh Ahuja, Michael Commaroto, Richard D'Albert, and Richard Ferguson (together with MassMutual, the "Parties"), stipulate as follows:

WHEREAS, the Parties seek to reduce the burden and expense of litigation in the above-captioned action (the "Action");

WHEREAS, the Parties seek to avoid deposition discovery solely for the purpose of authenticating documents, and to streamline the presentation of evidence at trial in the interests of judicial economy and efficiency;

WHEREAS, the Parties have produced and will produce certain documents during the course of discovery in the Action, including re-productions of documents originally produced in other litigations or proceedings; and

WHEREAS, the Parties may seek to offer and admit into evidence documents produced in discovery in the Action;

IT IS THEREFORE STIPULATED AND AGREED by and between the Parties that:

1. Subject to the exceptions stated below, and absent affirmative evidence that a document is not what it purports to be, the Parties agree that any document, including any true and correct copy thereof, produced by any Party in connection with the Action – including documents produced by a Party in other litigations or proceedings that were or are re-produced by any Party in connection with the Action – is what it purports to be and is authentic under Rule 901 of the Federal Rules of Evidence.

2. The Parties' agreement in paragraph 1 of this stipulation does not apply to handwritten notes or marginalia. If a printed or typed document produced by a Party also bears handwritten marginalia, the Parties' agreement does not apply to the handwritten marginalia, but does apply to the remainder of the document. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify documents containing handwritten notes or marginalia to any other Party as to which the identifying Party seeks a stipulation of authenticity. Each Party receiving such identification agrees to give good faith consideration to a reasonable request pertaining to handwritten notes and marginalia.

3. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify documents produced by third parties in connection with the Action to any other Party as to which the identifying Party seeks a stipulation of authenticity. Each Party receiving such identification agrees to give good faith consideration to a reasonable request pertaining to the authenticity of documents produced by third parties in connection with the Action.

4. The Parties' agreements in paragraphs 1 through 3 of this stipulation do not apply to any documents created by counsel and produced in discovery.

5.   In the event that a dispute arises regarding the authenticity of a document, the Parties agree to meet and confer in good faith promptly about the authenticity of such document(s) and, if necessary, to expedite any related motions for resolution by the Court.

6.   Nothing in this stipulation shall be construed as an agreement that any documents that are subject to this stipulation are admissible into evidence by any Party, and the Parties hereby expressly reserve the right to object to the admissibility of any document under any grounds permitted by law. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify documents to any other Party as to which the identifying Party seeks a stipulation of admissibility. Each other Party agrees to give good faith consideration to a reasonable request pertaining to the admissibility of documents.

7.   This stipulation is applicable only for the purposes of the Action and any appeal of the Action, and cannot be used by any Party for any purpose in any other lawsuit or proceeding.

DATED: July 3, 2014

By _____
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Harry A. Olivar, Jr.
Molly Stephens
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Plaintiff Massachusetts Mutual Life Insurance Company*

3

DATED: July 3, 2014

By _____
SIMPSON THACHER & BARTLETT LLP
Thomas C. Rice
David J. Woll
Alan Turner
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Deutsche Bank Securities Inc., Anilesh Ahuja, Michael Commaroto, Richard D'Albert, and Richard Ferguson*